**UNITED STATES of America**

v.

**COLE, Reginald.**

**Appeal of Reginald COLE.**

**No. 85–1466.**

United States Court of Appeals, Third Circuit.

Argued Nov. 4, 1986.

Decided March 6, 1987.

Rehearing Denied April 29, 1987.

Edward S.G. Dennis, Jr., U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Chief of Appeals, Ronald A. Sarachan (argued), Asst. U.S. Atty., Philadelphia, Pa., for appellee.

Cheryl J. Sturm (argued), Philadelphia, Pa., for appellant.

Before SLOVITER and STAPLETON, Circuit Judges and FARNAN, District Judge.*

## OPINION OF THE COURT

FARNAN, District Judge:

Appellant Reginald Cole ("Cole") appeals from an order entered in the United States District Court for the Eastern District of Pennsylvania, which denied Cole's petition under 28 U.S.C. § 2255 to vacate, set aside or correct a judgment of sentence. We have jurisdiction of this appeal under 28 U.S.C. § 1291.

### I.

On February 21, 1984, a federal grand jury returned an eight count indictment charging Reginald Cole and two co-defendants with various drug offenses. Specifically, the indictment charged Cole with six counts of distributing heroin, a violation of 21 U.S.C. § 841(a)(1), and two counts of conspiracy to distribute heroin, a violation of 21 U.S.C. § 846.

On April 24, 1984, the district court held a change of plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure ("Rule 11"). At the hearing, Cole pled guilty to one count of conspiracy to distribute heroin, and five counts of distribution. In exchange for Cole's guilty plea, the Government agreed to move for dismissal of the remaining counts at the time of sentencing.

The district court accepted the plea after engaging Cole in a lengthy plea colloquy. During the colloquy, the court advised Cole of the charges against him, and of the evidence the government would offer to prove those charges. The district court informed Cole of his right to a trial by jury, and instructed him that his guilty plea, if accepted, would result in a waiver of his right to a jury trial. Cole was also advised of the mandatory minimum as well as the possible maximum penalties he could receive under the terms of his plea agreement. The record further reflects the district court's willingness to answer questions posed by Cole, and indicates that Cole took advantage of the opportunity to question the court about matters he did not understand. During the Rule 11 colloquy, the court asked Cole whether he was presently under the influence of any medication or substances. In response, Cole admitted that he had "had some drugs last night." The colloquy then continued with no further reference to nor inquiry on the part of the court into Cole's statement of recent drug usage.

The district court accepted Cole's guilty plea and ultimately sentenced him to fifty-five years imprisonment and a life term of special parole. Following an unsuccessful appeal, Cole filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on the ground that his plea was accepted in violation of Federal Rule of Criminal Procedure 11(c)(1). Specifically, Cole claims he was not competent to enter a plea of guilty because he had ingested approximately four hundred dollars worth of heroin and two hundred fifty dollars worth of cocaine during the evening prior to and up until five or six a.m. on the morning of his change of plea hearing. Cole argues that because he was under the influence of illicit drugs at the Rule 11 hearing, his guilty plea was neither knowingly nor voluntarily entered.

In considering Cole's § 2255 petition, the district court failed to credit Cole's version

* Honorable Joseph J. Farnan, Jr., United States District Judge for the District of Delaware, sitting by designation.

of the change of plea hearing. In its order denying Cole's habeas corpus petition, the court noted in an unpublished memorandum and order that "On April 24, 1984, on the record in open court, defendant averred that he was not under the influence of drugs." *United States v. Cole*, No. 84–00063, slip op. at 1 (E.D.Pa. July 9, 1985) (unpublished memorandum and order denying petitioner's motion to vacate, set aside, or correct a sentence). The record of the Rule 11 hearing reflects otherwise, as evidenced by the following exchange between Cole and the court:

THE COURT: All right.

Are you under the influence of any medication or substances right now?

THE DEFENDANT: I had some drugs last night.

THE COURT: Do you understand what I have said to you?

THE DEFENDANT: Yeah—Yes, sir.

THE COURT: Sometimes, you know, we don't know it. We use words that are technical words, and we don't think. I want to make sure you have understood everything I said.

Essentially, what I am saying to you is this: If you plead guilty to these charges, we are going to order a presentence report and have you back in about a month, and we will impose the sentence. If you plead guilty, there will be no trial on these charges. It will be the same as if we had the trial and you were found guilty.

Do you understand that?

THE DEFENDANT: Yes.

Cole argues that, when a district court preparing to take a guilty plea is advised of recent drug use by the defendant, Rule 11 requires it to make a determination of his competence based on an adequately developed record. The government, on the other hand, argues that the issue of Cole's competence was not raised before the district court, and therefore, the district court was not required to inquire into the competency issue *sua sponte*. Further, the government argues that the court was required to hold a hearing on Cole's competency only in the event that the evidence before the court "raise[d] a substantial doubt of competency in the court's mind at that time." *Williams v. Bordenkircher*, 696 F.2d 464, 467 (6th Cir.), *cert. denied sub nom., Williams v. Sowders*, 461 U.S. 916, 103 S.Ct. 1898, 77 L.Ed.2d 287 (1983).

II.

Federal Rule of Criminal Procedure 11 sets forth the procedures that a district court must follow and the conditions that must exist for entry of a guilty plea. Rule 11 provides in part:

(c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole term and, when applicable, that the court may also order the defendant to make restitution to any victim of the offense.

(d) Insuring that the Plea is Voluntary. The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant in open court, determining that the plea is voluntary.

In *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the Supreme Court determined that Rule 11 served two purposes. The Court stated:

[Rule 11] is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary. Second, the Rule is intended to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination.

394 U.S. at 465, 89 S.Ct. at 1170.

The Court's emphasis on the district court's "on the record" determinations of voluntariness and the ability to understand stems from the consequences of entering a

guilty plea. The entry of a guilty plea necessarily involves the waiver of certain constitutional rights. 394 U.S. at 466, 89 S.Ct. at 1171. Such a waiver is valid under the Due Process Clause only if it constitutes "an intentional relinquishment or abandonment of a known right or privilege." 394 U.S. at 466, 89 S.Ct. 1171 (citing *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)).

In the instant case, Cole's affirmative, on the record statement that he had taken drugs the night before his change of plea hearing called into question his ability to make an intelligent and competent waiver of his constitutional rights by entering a guilty plea. If Cole was under the influence of drugs at the time he entered his guilty plea, his understanding of the nature and consequences of his plea could well have been undermined. *United States v. Sanders,* 373 U.S. 1, 19–20, 83 S.Ct. 1068, 1079, 10 L.Ed.2d 148 (1963).

 After reviewing the evidence before the district court in light of the foregoing principles, we conclude that Rule 11 counsels a district court to make further inquiry into a defendant's competence to enter a guilty plea once the court has been informed that the defendant has recently ingested drugs or other substances capable of impairing his ability to make a knowing and intelligent waiver of his constitutional rights. This result furthers the dual purposes of Rule 11. The Supreme Court's remarks in *McCarthy* bear repeating here:

> To the extent that the district judge thus exposes the defendant's state of mind on the record through personal interrogation, he not only facilitates his own determination of a guilty plea's voluntariness, but he also facilitates that determination in any post-conviction proceeding based upon a claim that the plea was involuntary. Both of these goals are undermined in proportion to the degree the district judge resorts to "assumptions" not based upon recorded responses to his inquiries.

*McCarthy, supra,* 394 U.S. at 467, 89 S.Ct. at 1171. As we recently pointed out in *United States v. Allen,* 804 F.2d 244 (3rd Cir.1986), *McCarthy* involved a situation in which the district court had accepted a guilty plea without exposing the defendant's state of mind through personal interrogation. *Id.* at 247. In the instant case, Cole was personally interrogated and engaged in an extensive colloquy by the district court. However, once the court was informed of Cole's recent drug use, its failure to pursue the issue of Cole's state of mind through further questioning precludes a finding that Cole voluntarily and knowingly entered a plea of guilty. *Cf. McCarthy,* 394 U.S. at 467, 89 S.Ct. at 1171.

Citing *United States ex rel Fitzgerald v. Lavallee,* 461 F.2d 601, 602 (2d Cir.), *cert. denied,* 409 U.S. 885, 93 S.Ct. 121, 34 L.Ed.2d 142 (1972), the government urges affirmance on the ground that the use of drugs does not per se render a defendant incompetent to plead guilty and, in support of its contention, notes that a defendant is competent to enter a plea of guilty so long as he possesses both the present ability to consult with his lawyer with a reasonable degree of understanding and a rational as well as factual understanding of the proceedings against him. *United States ex rel McGough v. Hewitt,* 528 F.2d 339, 342 n. 2 (3d Cir.1975) (citing *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)). We agree; however, Cole's petition presents a more fundamental question. The gist of Cole's argument is that his assertion that he had ingested drugs the night before his change of plea hearing raised a genuine substantial issue as to his understanding of the nature and consequences of the Rule 11 proceeding, an issue that was never addressed or resolved as required by Rule 11. The court simply failed to develop the record with respect to the defendant's state of mind through further questioning and failed to make a finding of competence which took the assertion of recent drug use into account. The present record is ambiguous even as to whether the district court took note of Cole's admission of recent drug use. Indeed, the court, when ruling on defendant's Section 2255 petition, was clearly under the impression that Cole had denied the use of

drugs prior to his plea. Moreover, assuming that the court did take note of Cole's assertion at the Rule 11 proceeding of recent drug use, it failed to make a factual finding either that Cole ingested no drugs or that his ingestion of drugs did not impair his understanding or judgment at the time of his plea. Given such a record, we are unable to hold that the requirements of Rule 11 were satisfied.

The government also relies on *Steinsvik v. Vinzant*, 640 F.2d 949 (9th Cir.1981), for the proposition that the district court acted properly in failing to *sua sponte* order an evidentiary hearing on Cole's competency. In *Steinsvik*, a divided panel of the Ninth Circuit Court of Appeals held that Steinsvik was competent to plead guilty even though, thirty-six hours prior to the entry of the plea, Steinsvik had been hospitalized for an overdose of barbiturates. *Id.* at 953. However, in *Steinsvik*, there had been medical evidence introduced in the habeas proceeding that barbiturate medication has no direct impact on the patient's ability to make rational decisions. *Id.* at 953 n. 5. In other cases on which the government relies, the district court was either not on notice that the defendant had taken drugs prior to entering a guilty plea, or if on notice, held evidentiary hearings on review of the habeas corpus petition. *See Parker v. Lockhart*, 531 F.2d 927 (8th Cir.1976) (petitioner's habeas corpus petition denied after full hearing); *Walden v. United States*, 418 F.Supp. 386 (E.D.Pa.1976) (evidentiary hearing conducted in § 2255 proceedings after court put on notice that defendant had taken drugs); *Tahl v. O'Conner*, 336 F.Supp. 576, 578 (S.D.Cal.1971), *aff'd*, 460 F.2d 1068 (9th Cir.), *cert. denied*, 409 U.S. 1042, 93 S.Ct. 536, 34 L.Ed.2d 493 (1972) (habeas corpus petition denied and guilty plea found to be knowingly and intelligently made after full evidentiary hearing). This case is therefore distinguishable from the cases on which the government relies.

Where significant evidence does come to the attention of the district court that defendant has recently taken drugs, the court has the obligation to inquire further before determining that a competency hearing is not necessary. *See Grennett v. United States*, 403 F.2d 928, 931–32 (D.C.Cir.1968). Since the district court here was provided information by the defendant at the Rule 11 hearing that he had recently taken drugs, and the court failed to inquire further or even acknowledge that it was aware of this evidence, we cannot affirm the court's finding that Cole was competent at the time he pleaded guilty.

### III.

Having found that the record in this case is inadequate to support a finding of Cole's competence to plead guilty, the question remains whether the petitioner's due process rights would be adequately protected by remanding the case to the district court for an evidentiary hearing designed to determine whether Cole was competent to make a knowing and voluntary waiver of his constitutional rights at the change of plea hearing in 1984. The Supreme Court has emphasized the difficulty inherent in retrospective competency determinations. In *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975), the Supreme Court held that a retrospective hearing in state court to determine the petitioner's competency at the trial date would not adequately protect the petitioner's due process rights where expert testimony derived from findings made at or near the time of trial was not available. 420 U.S. at 183, 95 S.Ct. at 909. *See Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). In *United States ex rel. McGough v. Hewitt*, *supra*, we determined that a limited, retrospective hearing on an accused's competence to stand trial might suffice if it were based on evidence derived from knowledge contemporaneous to the proceeding at issue. 528 F.2d at 344. The circumstances of this case, however, give us little reason to expect that a hearing at this time would overcome the deficiencies in the 1984 pro-

ceedings. Since the district court apparently disregarded Cole's statement of recent drug use, no facts relevant to Cole's impairment were uncovered or explored contemporaneous to the Rule 11 proceeding.

■ Although the issue did not arise in the context of a habeas proceeding, the remedy applied in *McCarthy v. United States, supra,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), is instructive here. In *McCarthy,* the Supreme Court determined that non-compliance with Rule 11 procedures is inherently prejudicial. The court held:

> [A] defendant is entitled to plead anew if a United States District Court accepts his guilty plea without fully adhering to the procedure provided for in Rule 11. This decision is based solely upon our construction of Rule 11 and is made pursuant to our supervisory power over the lower federal courts.

*Id.* at 463–64, 89 S.Ct. at 1169. In *McCarthy,* the record did not show that the defendant voluntarily and knowingly entered a plea of guilty due to the district court's failure to personally interrogate the defendant. *See id.* at 467, 89 S.Ct. at 1171. Similarly, the defect in the present record results from the fact that the district court did not explore Cole's state of mind following his admission of recent drug usage. This critical omission precludes a finding that Cole's plea was knowingly and voluntarily entered, and entitles Cole to plead anew or proceed to trial. *See United States v. Allen, supra,* 804 F.2d at 248.

Given our disposition of Cole's Rule 11 claim, it is unnecessary for us to reach Cole's other claims: that he was denied effective assistance of counsel at the district court level, and that he did not waive an entrapment defense.

We will therefore reverse the district court's denial of the defendant's motion to vacate, set aside, and correct the sentence, and we will remand to the district court in order for it to permit Cole to elect whether to plead anew or proceed to trial.