963 F.2d 373
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Franklin Leon BRYAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-5098.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1992.
 
 Before RYAN, BOGGS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Franklin Leon Bryan appeals the district court's order denying his motion to vacate, set aside or reduce sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On February 9, 1989, Bryan pleaded guilty to armed bank robbery, a violation of 18 U.S.C. § 2113(a), and jeopardizing the lives of others in the commission of said crime, a violation of 18 U.S.C. § 2113(d). Bryan was sentenced to 262 months imprisonment.
 
 
 3
 In support of his motion to vacate or modify his sentence, Bryan alleged: (1) that he was under the influence of Thorazine at the time of his guilty plea, making the plea involuntary and void; (2) that he received ineffective assistance of counsel when his attorney failed to request a sanity hearing or subpoena medical experts to testify to his incompetency; (3) that he should have received a downward departure from the sentencing guidelines due to his extraordinary physical and mental infirmities; and (4) that the trial court committed reversible error by relying on facts outside the record in refusing to grant the downward departure. The district court summarily denied the motion in an order entered January 7, 1992.
 
 
 4
 Bryan's only complaint on appeal is that the district court erred in dismissing his motion without first conducting an evidentiary hearing. He also requests the appointment of counsel and a transcript at government expense.
 
 
 5
 Upon review, we affirm the district court's order. The district court's decision not to hold an evidentiary hearing on Bryan's § 2255 motion is reviewed for abuse of discretion. See Kowalak v. United States, 645 F.2d 534, 537 (6th Cir.1981). An evidentiary hearing need not be conducted on a § 2255 motion to vacate if the files and records of the case conclusively show that petitioner is not entitled to relief. Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986); Bryan v. United States, 721 F.2d 572, 577 (6th Cir.1983), cert. denied, 465 U.S. 1038 (1984).
 
 
 6
 The district court's decision not to hold an evidentiary hearing in the instant case was not an abuse of discretion because Bryan's allegations are affirmatively contradicted in the record. See Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir.1989). There was no evidence that the Thorazine taken by Bryan had impaired his ability to make a knowing and intentional waiver of his constitutional rights. In any event, the trial court did make further inquiry into Bryan's competence upon learning that he had taken Thorazine the night before in court. The court not only received coherent, responsive answers from Bryan prior to finding him competent, but also received the assurance of Bryan's attorney that Bryan was competent to enter a guilty plea. See United States v. Cole, 813 F.2d 43, 46 (3d Cir.1987).
 
 
 7
 Further, the issue of Bryan's sanity was fully litigated prior to his entering his guilty plea. Bryan's attorney took every practicable step in pursuing an insanity defense. As Bryan cannot establish any deficiency in his counsel's performance, his motion pursuant to 28 U.S.C. § 2255 was properly dismissed. Strickland v. Washington, 466 U.S. 668, 687 (1984); Lewandowski v. Makel, 949 F.2d 884, 888 (6th Cir.1991).
 
 
 8
 Accordingly, the request for counsel and for a transcript at government expense are denied and the district court order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.