**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

KAZEM M. IRAVANI, a/k/a John

Putko, a/k/a Robert Ganley, a/k/a
Frank Swigert, a/k/a Dominic
Carcelli,
Defendant-Appellant.

No. 97-5026

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-96-338-AW)

Submitted: September 29, 1998

Decided: November 9, 1998

Before MURNAGHAN, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

W. Michel Pierson, PIERSON, PIERSON & NOLAN, Baltimore,
Maryland, for Appellant. Lynne A. Battaglia, United States Attorney,
Dale P. Kelberman, Assistant United States Attorney, Baltimore,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kazem Iravani appeals from the district court order entered pursuant to his guilty plea finding him guilty of aiding and abetting the interstate transfer of stolen property in violation of 18 U.S.C. §§ 2, 2314 (1994). Finding no merit to his claims, we affirm.

Iravani claims that the district court's failure to further inquire into the details of his mental disorder and his medication requires this Court to find that he did not knowingly and intelligently plead guilty, thereby invalidating his guilty plea. Due process requires that a guilty plea be knowingly and voluntarily entered. See Henderson v. Morgan, 426 U.S. 637, 645 n.13 (1976). "A plea may be involuntary either because the accused does not understand the nature of the constitutional protections that he is waiving . . . or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." Id. (citation omitted). The voluntariness of a plea is a mixed question of law and fact this Court reviews de novo. See Savino v. Murray, 82 F.3d 593, 603 (4th Cir. 1996).

Federal Rule of Criminal Procedure 11 was designed to assist the district court in "making the constitutionally required determination that a defendant's guilty plea is truly voluntary." McCarthy v. United States, 394 U.S. 459, 465 (1969). However, in assessing the voluntariness of a defendant's plea, this court does not require district courts to follow a set script in conducting Rule 11 colloquies, see United States v. Wilson, 81 F.3d 1300, 1307 (4th Cir. 1996), and will reverse a conviction made pursuant to a plea only if a trial court's violation of Rule 11 affects a defendant's substantial rights. United States v. DeFusco, 949 F.2d 114, 116-17 (4th Cir. 1991).

Iravani claims that the district court had an obligation to go beyond the normal Rule 11 colloquy to ensure the voluntariness of his plea

2

due to his psychiatric history and current use of medication. We find that Iravani has failed to demonstrate a defect in his Rule 11 hearing. The district court made a point of developing the record with respect to Iravani's state of mind, and then made an express finding of competence which took into account Iravani's medical history, assertion of recent drug use, overall awareness and ability to respond to questioning, and the assurances of counsel that Iravani possessed the capacity to voluntarily plead guilty. See United States v. Rossillo, 853 F.2d 1062, 1066 (2d Cir. 1988); see also United States v. Cole, 813 F.2d 43, 46 (3d Cir. 1987). Therefore, we find no merit to Iravani's claim that the trial court failed to adequately protect his constitutional rights.

We also find that Iravani has failed to demonstrate that his plea was not voluntarily entered in violation of his due process rights. Initially, we note that Iravani does not concretely claim that at the time of his plea hearing he lacked the capacity to voluntarily plead guilty or that his psychological disorders had any effect on his ability to understand the nature of the charges against him or the consequences of pleading guilty. Notably absent from the record is any indication that Iravani was not in complete command of his faculties at his plea hearing, see Carey v. United States, 50 F.3d 1097, 1099 (1st Cir. 1995), and Iravani's comments from that hearing suggest that he understood the specific nature of the charges to which he pled guilty. The only evidence in the record suggesting that Iravani may have lacked the capacity to voluntarily plead guilty is a synopsis of his medical history included in his presentence report. Despite this account of Iravani's poor mental and emotional health, the record taken as a whole supports the district court's determination that Iravani knowingly and voluntarily pled guilty.

Iravani further claims that counsel was ineffective for not ensuring that he possessed the requisite capacity to voluntarily plead guilty. "The rule in this circuit is that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance." United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992). Because Iravani fails to demonstrate that he did not knowingly and voluntarily plead guilty, he has not conclusively shown that his attorney was ineffective for allowing him to enter his guilty plea on

3

this basis. Accordingly, he is foreclosed from raising his ineffective assistance of counsel claim in this proceeding.

We therefore affirm Iravani's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4