# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

      *Plaintiff-Appellee,*

v.

No. 00-6352

TROY WEST-BEY,

      *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-97-175-S, CA-00-494-S)

Submitted: July 27, 2000

Decided: January 25, 2001

Before WIDENER, TRAXLER, and KING, Circuit Judges.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Troy West-Bey, Appellant Pro Se. Robert Reeves Harding, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Troy West-Bey seeks to appeal the district court's order summarily dismissing his motion filed under 28 U.S.C.A. § 2255 (West Supp. 2000). For reasons set forth below, we grant a certificate of appealability, affirm in part, and vacate and remand in part.

Because of the opinion which follows we decline to consider any issue with regard to sentencing at this time.

West-Bey also claims that he is entitled to relief because he received ineffective assistance of counsel when his original attorney failed to move for a competency hearing prior to entry of his guilty plea and informed the court that West-Bey was competent to plead guilty. The record is not sufficiently developed to evaluate this claim. A week prior to entry of his plea, West-Bey requested that his attorney file a notice of his intent to rely upon an insanity defense requested a week before his plea. At the plea proceeding, West-Bey (1) admitted that he had past mental health and substance abuse problems; (2) claimed that his psychiatric medications had recently been changed to add two new drugs that had the potential to affect his central nervous system, and (3) claimed he had taken this new cocktail of drugs the evening before the morning that he entered his plea. The record is devoid of specific evidence of his attorney's investigation into his client's condition at the plea hearing.

We are similarly unable to determine from the present record whether West-Bey suffered prejudice from this alleged deficient representation. Once West-Bey admitted to his history of mental disease and his previous use of psychiatric drugs, he was questioned only in a general manner regarding how he felt, to which he replied, "Okay." There was no further examination into how recently his medications had been changed, the reason for the change in his treatment, and whether his prior communications with his attorney during which he assisted in his defense occurred prior to his change in treatment. There was no testimony about the effects the combination of drugs prescribed for West-Bey would have upon his ability to reason and to understand the nature of the proceedings. Thus, the record before this

court lacks sufficient information to evaluate his claim. *See, e.g.*, *United States v. Damon*, 191 F.3d 561, 564 (4th Cir. 1999) (vacating and remanding a guilty plea for further factfinding on the issue of whether a plea was knowing and voluntary after a defendant revealed that he was taking two psychiatric drugs, his attorney advised the court that one of the drugs could cause impaired judgment, but then counsel also advised the court that he knew of no reason that his client was not competent to enter a plea).

Moreover, the district court's finding, after the submission of West-Bey's mental health records by his second attorney and after West-Bey's medications were changed once again, that reasonable cause existed to order a competency hearing supports West-Bey's contention that his first counsel should have sought a competency hearing. *See United States v. Parra-Ibanez*, 936 F.2d 588, 591-92 (1st Cir. 1991) (vacating a guilty plea after the defendant, who had a history of psychological problems and substance abuse, told the district court at the Rule 11 colloquy that he had taken three different types of psychiatric medications within the past twenty-four hours, and began to exhibit additional psychological problems after pleading guilty).

Equally unclear from the record before this court is whether the mental health professionals at FCI Butner found that West-Bey was competent when he arrived at that facility or whether they found him incompetent and were able to restore his competency for sentencing. Further, even assuming that West-Bey was competent at the time he arrived at FCI Butner, the record does not reflect his mental state when he was being treated with the medications that he was taking at the time of his plea hearing.

Lacking a proper foundation by which to evaluate this portion of West-Bey's appeal, we grant a certificate of appealability and vacate the court's summary dismissal of this claim. *See, e.g.*, *United States v. Cole*, 813 F.2d 43, 47 (3d Cir. 1987) (collecting cases in which an evidentiary record was developed in habeas proceedings as to whether a defendant's use of medications prior to pleading guilty impaired his ability to enter a knowing and voluntary plea). We accordingly remand this case for further consideration, including an evidentiary hearing, if appropriate, of whether West-Bey was deprived of the

effective assistance of counsel prior to entry of his plea and at the Fed. R. Crim. P. 11 colloquy and whether such error, if it occurred, prejudiced him.

West-Bey further seeks production of the transcript of his Rule 11 colloquy and copies of document numbers 84, 86, 99 to 101, and 134 of the record in order to aid in the preparation of his appeal. We deny this motion because both the transcript and the district court's record were reviewed by this court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; VACATED AND*
*REMANDED IN PART*