NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4523
_____

UNITED STATES OF AMERICA

v.

SHANNON TUSO,
                              Appellant


_____


On Appeal from the United States District Court
For the District of Delaware
(D.C. Criminal Action No. 1:06-CR-132-1)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted Under Third Circuit LAR 34.1(a)
June 23, 2011
_____

Before: HARDIMAN and GREENBERG, <u>Circuit Judges</u>, and POLLAK, <u>District Judge</u>[*]

(Opinion filed: June 24, 2011)
_____

OPINION
_____

POLLAK, <u>District Judge</u>

_____

[*] Honorable Louis H. Pollak, Senior Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

Shannon Tuso appeals the District Court's judgment revoking her supervised release. She argues that the record does not establish that her admission to the charges against her was knowing and voluntary. We hold that the District Court did not plainly err by accepting the plea, and, accordingly, we will affirm the District Court's judgment.

**I.**

Because we write primarily for the parties, who are familiar with this case, we address only the facts and procedural history relevant to resolution of the issues raised in this appeal.

Defendant-appellant Tuso was sentenced to one day of incarceration and three years of supervised release on April 25, 2007, for violating 18 U.S.C. § 656 (embezzlement by a bank employee). On March 30, 2010, the United States Probation Office filed a petition alleging that Ms. Tuso had violated a condition of her supervised release. Ms. Tuso admitted to the violation, and the District Court sentenced her to 60 days of imprisonment, to begin June 14, 2010, with one year of supervised release to follow. She served her sentence of incarceration and was released.

On November 8, 2010, the Probation Office filed another supervised release revocation petition. This petition charged that Ms. Tuso had violated the conditions of her supervised release by: (a) leaving the judicial district without permission; (b) failing to report to her probation officer; (c) not following the instructions of her probation officer; (d) excessively using medication; and (e) refusing to participate in a drug treatment program. The District Court held a hearing on November 18, 2010, and Ms.

2

Tuso signaled her intention to admit to the violations.  The following exchange then took

place:

THE COURT:          Ms. Tuso, how old are you now?

THE DEFENDANT:      Forty.

THE COURT:          Remind me of the extent of your education?

THE DEFENDANT:      I went [to] two years of college.

THE COURT:          Are you currently under a doctor's care?  Dr. Turner?

THE DEFENDANT:      Yes.

THE COURT:          Now are you under the care of a medical doctor for any condition or illness?

THE DEFENDANT:      I go to a regular doctor for my high blood pressure and anxiety.

THE COURT:          Have you taken any medications of any kind within the last 24 to 48 hours?

THE DEFENDANT:      Yes.  At the [Women's Correctional Institution] where I am currently at, they have given me medication.

THE COURT:          Are those anxiety medications?

THE DEFENDANT:      High blood pressure, anxiety.

THE COURT:          Do those medications in any way interfere with your ability to understand and perceive events?

THE DEFENDANT:      No.

THE COURT:          Do you understand what's going on here today?

THE DEFENDANT:      Yes, I do.

THE COURT:          Ms. Bradford, do you have any reason to doubt your client's competence to proceed?

3

MS. BRADFORD: I don't, Your Honor.

THE COURT: Based upon your responses to my questions, Ms. Tuso, and your lawyer's assessment, I will determine that you are competent to proceed forward with this matter.

J.A. 33–35. Ms. Tuso subsequently admitted to the charged violations and was sentenced to nine months of incarceration. The District Court then asked, "Are there any objections to the Court's sentence?" J.A. 46. Ms. Tuso's attorney responded, "No objections, Your Honor." *Id*. Ms. Tuso timely appealed.[1]

## II.

Ms. Tuso argues on appeal that the District Court's "inquiry regarding the effect of the prescription drugs which Ms. Tuso had ingested prior to the hearing" was insufficient because the Court did not adequately inquire about the effect of the prescription drugs she was taking.

This Court will review the judgment of the District Court for plain error because Ms. Tuso failed to object below. *See United States v. Vonn*, 535 U.S. 55, 59 (2002) (holding that "a silent defendant has the burden to satisfy the plain-error rule"); *United States v. Williams*, 464 F.3d 443, 445 (3d Cir. 2006) (explaining that when the defendant does not object at trial, the appellate court will "review . . . for plain error"); Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.").

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. §§ 3231 and 3583(e)(3). This Court has jurisdiction under 28 U.S.C. § 1291.

4

Plain error exists if four conditions are met: (1) a legal error was made and redress for that error has not been affirmatively waived by defendant; (2) the error is "clear or obvious;" (3) the error "affected the appellant's substantial rights," meaning that it "affected the outcome of the district court proceedings;" and (4) the error seriously affects "the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009) (citations omitted). We have the discretion to order a correction if all four requirements are satisfied. *Id.*

The threshold question in evaluating Ms. Tuso's appeal is whether a legal error was made. Ms. Tuso had the right to deny the charges against her in her supervised release hearing and put the government to proving the allegations. The District Court allowed her to waive that right. A waiver in such a hearing must be both knowing and voluntary, which is established when there is either "a sufficient colloquy by the district court to assure an understanding or freely made waiver," or "the totality of the circumstances assures that the waiver is knowing and voluntary." *United States v. Hodges*, 460 F.3d 646, 652 (5th Cir. 2006).

After reviewing the transcript of the colloquy, we conclude that the District Court developed an adequate record to demonstrate a knowing and voluntary waiver. At the beginning of the colloquy, Ms. Tuso informed the Court that she had taken "[h]igh blood pressure" and "anxiety" medication in the previous 48 hours. J.A. 34. The Court then inquired into whether the medications interfered with her ability to "understand and perceive events," and Ms. Tuso said that they did not. *Id.* The Court further asked whether Ms. Tuso understood what was happening in the hearing; Ms. Tuso responded

5

that she did. *Id.* Defense counsel also stated that she had no reason to doubt her client's competence to proceed.[2]

Ms. Tuso's specific arguments that the colloquy was insufficient are not persuasive. We agree that the "ingestion of drugs is one of the circumstances relevant to whether a plea was knowing and voluntary." (Br. of Appellant 8) (citing *United States v. Cole,* 813 F.2d 43, 46–47 (3d Cir. 1987)). But since the District Court did take this factor into account, the relevant question is whether the District Court's inquiry into the effect of those drugs was legally sufficient. *Cole* makes clear that some inquiry is necessary, but "provides little guidance" about the "sufficiency" of such an inquiry. *United States v. Lessner*, 498 F.3d 185, 194 (3d Cir. 2007). Ms. Tuso therefore relies entirely upon *United States v. Parra-Ibanez* for the proposition that the District Court's inquiry was insufficient. 936 F.2d 588 (1st Cir. 1991). In that case, the First Circuit determined that the district court erred by not "inquir[ing] what dosages of [medication the defendant] had ingested and what effects, if any, such medications might be likely to have on [the defendant's] clear-headedness." *Id.* at 596.

*Parra-Ibanez* is distinguishable from the present case on two grounds. First, in *Parra-Ibanez* "the district court had reason to suspect that the medications taken by the accused might impinge upon the accused's capacity to enter a voluntary and intelligent plea." *Id.* at 595. The defendant in that case had a history of drug abuse, "strong depressive symptomatology[,] and [a] suicidal history." *Id.* at 592 (citations omitted).

---

[2] An attorney's affirmative representation about her client's competency may be properly considered by a district court. *United States v. Jones*, 336 F.3d 245, 256 (3d Cir. 2003).

The severity of the defendant's mental illness obligated the court to delve more deeply into the medications he was taking and their likely effect. When the district court has less cause for suspicion that the medication might make a waiver uninformed or involuntary, the obligation of further inquiry is relaxed. *See Lessner*, 498 F.3d at 195 (distinguishing *Parra-Ibanez* because of the "the severity of the defendant's history of mental illness" and finding that the district court adequately inquired into the defendant's capacity to enter a knowing and voluntary plea). Ms. Tuso does not argue that the District Court had reason to suspect that she suffered from mental illness, and accordingly the Court was not obligated to ask further questions about the medication she was taking.

Second, *Parra-Ibanez* is distinguished by the scope of the court's inquiry. In that case, the district court did not ask "whether any of the medications identified by [the defendant] affected his ability to enter a voluntary and intelligent plea." *Parra-Ibanez*, 936 F.2d at 591. By contrast, we held in a more recent opinion that the district court did not err where it "ascertained that [the defendant] was only under the influence of two Ativans [an anxiety medication] at the time of the hearing, and that that medication did not impair [the defendant's] ability to understand the proceedings." *Lessner*, 498 F.3d at 195. In the present case, the District Court directly asked Ms. Tuso whether her medications "in any way interfere with [her] ability to understand and perceive events." J.A. 34. She responded that they do not. *Id.* The Court also established in the colloquy that Ms. Tuso's medication was dispensed by staff at the Women's Correctional Institution where Ms. Tuso was detained, and there is no reason to suspect that she had access to an inappropriate dosage of her anxiety medication or other drugs. The inquiry

7

in this case is substantially similar to the inquiry in *Lessner*, and more extensive than the inquiry in *Parra-Ibanez*. In sum, *"Parra-Ibanez* is distinguishable both as to the severity of the defendant's history of mental illness and the brevity of the Court's inquiry." *Lessner*, 498 F.3d at 195.

The Court's colloquy with Ms. Tuso was sufficient to establish that her admission was knowing and voluntary. We conclude that the District Court did not commit error, let alone plain error, in accepting Ms. Tuso's admission.

## **III**.

For the foregoing reasons, we will affirm the judgment of the District Court revoking Ms. Tuso's supervised release.