## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
Plaintiff, )
)
v. ) Cr. ID No. 1602004456A
)
JONATHAN JOHNSON, )
)
Defendant. )

Submitted: June 9, 2020
Decided: August 17, 2020

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED

Allison J. Abessinio, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Jonathan Johnson, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se.*

**MAYER,** Commissioner

1

This 17th day of August, 2020, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

In February of 2016, the Department of Family Services contacted the police and requested assistance at a residence in response to several tips that illegal drugs and firearms were located at the home with children present. Law enforcement arrived and realized one of the occupants, Jonathan Johnson ("Defendant"), had an active capias. Another occupant of the home was interviewed and provided consent to search. During this time, the police observed a large amount of currency and drugs in plain view. The police obtained a search warrant at 2:10 p.m. and eventually seized firearms, ammunition, heroin, cocaine and marijuana. Defendant was indicted on sixteen (16) counts, including eleven (11) felonies, firearm and drug charges.

On January 27, 2017, Defendant, with the assistance of Trial Counsel, filed a Motion to Suppress, on the basis that the Search Warrant was issued at 2:10 p.m. but the Police Report indicated the search occurred at 1:08 p.m. – one hour prior.[1] The State filed a response to the Motion and provided the officer's notes showing the

---

[1] D.I. # 22. Notably, pursuant to Exhibit K to Defendant's Reply brief, Trial Counsel notified Defendant in November of 2016 that there was no legal basis to pursue a motion to suppress.

2

time of search to be 3:08 p.m.[2]   The State argued that the "scrivener's error" in the Police Report was clarified by the notes and that the search was timely.   On February 17, 2017, the Court held a hearing and denied the Motion to Suppress.[3]

On April 25, 2017, Defendant executed a Plea Agreement and Truth-in-Sentencing Guilty Plea Form.  Defendant agreed to plead guilty to one count of Drug Dealing and one count of Possession of a Firearm During the Commission of a Felony.   In exchange, the State agreed to enter a *nolle prosequi* for all remaining charges.   The State also agreed to recommend 25 years of Level V incarceration for the firearm charge, and 8 years at Level V, suspended for probation, on the Drug Dealing charge.   In addition, Defendant agreed he met the requirements for a finding of a Habitual Offender pursuant to 11 Del. C. §4214(d).   Through the Truth-in-Sentencing Guilty Plea Form, Defendant acknowledged that (a) he had never been a patient in a mental hospital; (b) he was not under the influence of alcohol or drugs; (c) he was freely and voluntarily pleading guilty; (d) neither his lawyer, the State, nor anyone else threatened or forced him to enter the plea; and (e) the possible maximum penalty, if found to be a Habitual Offender, was 33 years of incarceration and up to life in prison.

---

[2]   D.I. # 28.

[3]   *See* D.I. # 29.

3

That same day, the Court held a plea hearing.[4] Defendant's Trial Counsel acknowledged that if convicted on all counts, Defendant could be sentenced to a minimum mandatory of 65 years of incarceration and up to life in prison.[5] The Court then engaged in a colloquy with Defendant, and amongst other waivers and concessions, Defendant admitted that (a) he had no difficulty understanding the forms or information; (b) he had not taken any drugs, medicine or alcohol that would prevent him from understanding the proceedings; and (c) Trial Counsel's representations regarding the guilty plea were correct.[6] Defendant later clarified that he had taken some medication "but it's not hindering my thoughts."[7] The Court asked the question a second time to clarify and again, Defendant answered that the medication was not hindering his thoughts and he understood the proceedings.[8] Defendant eventually plead guilty to the two counts set forth in the Plea Agreement. Defendant denied that anyone had forced or threatened him into entering into the guilty plea, that all answers on the forms were correct, and that he was satisfied with

---

[4] Plea Transcript of April 25, 2017, hereinafter "Tr. at ___."

[5] Tr. at 5.

[6] Tr. at 6-7.

[7] Tr. at 7.

[8] *Id.*

4

counsel's representation.[9]

On October 17, 2018, Defendant filed a Motion for Postconviction Relief (the "PCR Motion").[10] On October 30, 2018, the Court issued an Order of Briefing.[11] In accordance with the briefing schedule, former Trial Counsel submitted an Affidavit[12] responding to the allegations in Defendant's PCR Motion. However, on January 30, 2019, Defendant filed a "Motion to Stay Pending Motion to Amend Rule 61 to Raise Other Grounds in Rule 61 filing".[13] Attached to the Stay Motion was a Motion to Amend Rule 61 by which Defendant presented additional claims.

The Court entered a new order re-setting the briefing schedule. On February 7, 2019, Defendant filed a "Motion for Postconviction Relief" (the "Amended PCR Motion").[14] The Amended PCR Motion presents five (5) grounds for relief which can be summarized as follows:

> Ground One: Ineffective Assistance of Counsel – Trial Counsel failed to investigate the arrest notes, interview DFS case worker, obtain DFS reports, and file suppression motion;

---

[9] Tr. at 12-13.

[10] D.I. # 44.

[11] D.I. # 52.

[12] D.I. # 55.

[13] D.I. # 53.

[14] D.I. # 56.

Ground Two: Ineffective Assistance of Counsel – Trial Counsel failed to investigate Defendant's mental health and medications which impacted his case at the plea and sentencing hearings;

Ground Three: Judicial Misconduct/Abuse of Discretion – the sentencing Judge committed error by accepting the guilty plea after being advised Defendant was under the influence of mental health medication;

Ground Four: Prosecutorial Misconduct – the prosecutor withheld exculpatory materials (arrest notes) that should have been provided with Defendant's Rule 16 discovery;

Ground Five: Ineffective Assistance of Counsel – Trial Counsel was ineffective because he failed to file a motion to dismiss under Rule 48(b) for unnecessary delay.

Trial Counsel submitted an Amended Affidavit[15] and the State filed a Response.[16] Defendant filed a Reply in support of his Amended PCR Motion[17] but also filed a Motion to Amend to add an argument to "Ground One."[18] Briefing was complete. However, around this same time, Defendant filed a Petition for a Writ of Mandamus (the "Petition") and a Motion to Stay[19] seeking to stay decision-making on the

---

[15] D.I. # 58 (the "Affidavit").

[16] D.I. # 59.

[17] D.I. # 84.

[18] D.I. # 85.

[19] *See* D.I. #s 75 and 81.

Amended PCR Motion while he pursued a writ of mandamus with this Court and the Delaware Supreme Court.

On May 26, 2020, the undersigned issued a Report and Recommendation that the Court should dismiss the Petition and deny the Motion to Stay.[20] On August 14, 2020, the Court adopted the recommendation.[21]

Although briefing was complete on the Amended PCR Motion, Defendant filed a Motion to Amend Reply[22] in an attempt to supplement his arguments with respect to Ground One and Ground Four. I considered all of the arguments presented in Defendant's various related pleadings and for the reasons set forth herein, I recommend that the Court deny the Amended PCR Motion.

## Defendant's Motion for Postconviction Relief

Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the motion.[23] Defendant's first motion, having been filed within one year of the date of sentencing, is timely.[24] Pursuant to

---

[20] D.I. # 92.

[21] D.I. # 94.

[22] D.I. # 93.

[23] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[24] Super. Ct. Crim. R. 61(m)(1) and Super. Ct. Crim. R. 61(i)(1).

Super. Ct. Crim. R. 61(i)(3) and (4) though, any ground for relief that was not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred.

### A. Defendant's Claims are Procedurally Barred

1. Trial Counsel filed a Motion to Suppress challenging the timing of the search. The Court denied the motion. Defendant's attempts to, once again, attack the validity of the search warrant are barred as formerly adjudicated and he has not established one of the exceptions to the procedural bar.[25]

2. Defendant's arguments relating to the arrest notes are either incorrect or procedurally barred. The State provided the arrest notes at least two months prior to the trial date and Defendant has not demonstrated that the prosecutor withheld information *favorable* to the defense. Further, since Defendant did not raise any claims of prosecutorial misconduct or *Brady*[26] violations either before the trial court

---

[25] *See* Super. Ct. Crim. R. 61(i)(4); (5) and (d)(2), Defendant must demonstrate that the Court lacked jurisdiction, the existence of new evidence creating a strong inference that he is innocent, or a new rule of constitutional law retroactively applied to his case renders his conviction invalid.

[26] *See Brady v. Maryland*, 373 U.S. 83 (1963) (finding that suppression by prosecutor of evidence favorable to accused upon request violates due process).

or on appeal, these claims were waived and are now barred.[27]

3. Although Defendant complains that Trial Counsel should have subpoenaed the caseworker and moved to dismiss because trial was delayed, these claims were likewise waived. Defendant affirmatively relinquished his right to cross-examine witnesses, and specifically waived any alleged errors or defects preceding entry of the plea, even those of constitutional dimensions related to the search warrant or timeliness of trial.[28]

4. Defendant also argues that the trial judge committed judicial misconduct or an abuse of discretion by accepting Defendant's plea. "[A]dditional inquiry into a defendant's competence to plead guilty is necessary "once the court has been informed that the defendant has recently ingested drugs or other substances capable

---

[27] Defendant's Motion to Amend attempts to expand Ground One by also arguing that the arrest was invalid because any consensual access to the home was for the police to talk to defendant and not for the purpose of arresting him. Similar to his other claims, this argument was waived for failure to present it during the trial proceedings, on appeal or prior to his plea. Defendant's June 2020 amendment takes issue with the fact that the arrest notes were attached to the State's response to the motion to suppress, and not provided in discovery. He also claims the court decided the motion to suppress without a hearing – which is incorrect. Therefore, this supplemental pleading does not change the outcome of the decision-making.

[28] *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003) (a defendant who enters a knowing, intelligent and voluntary guilty plea waives the right to challenge any errors or defects preceding the entry of the plea), citing *Downer v. State*, 543 A.2d 309, 312-13 (Del. 1988); *Mack v. State*, 2019 WL 7342514, at *2 (Del. Dec. 30, 2019) citing *Scarborough v. State*, 2015 WL 4606519, at *3 (Del. July 30, 2015); *Fonville v. State*, 2015 WL 5968251, at *2 (Del. Oct. 13, 2015). To avoid the procedural bar, Defendant was required to demonstrate that an external impediment prevented him from presenting the issues earlier and actual prejudice resulting from the alleged error. *Younger v. State*, 580 A.2d 552, 556 (Del. 1990). *See also* Plea Tr. at p. 8 (Defendant waived right to speedy trial).

9

of impairing his ability to make a knowing and intelligent waiver of his constitutional rights.""[29]  Here, the trial judge asked Defendant several questions to clarify the effects of his medications and he repeatedly responded that nothing was hindering his thoughts and he understood the proceedings.  The trial judge therefore did not abuse her discretion in proceeding with the plea.

## B.  Defendant's Trial Counsel was not Ineffective

Defendant attempts to evade the procedural bars by couching his claims as ineffective assistance of counsel.  Ineffective assistance of counsel claims cannot be raised at any earlier stage in the proceedings and are properly presented by way of a motion for postconviction relief.[30]  In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and the deficiencies in counsel's representation caused the defendant actual prejudice.[31]  When a defendant has pleaded guilty, he must show that counsel's actions were so prejudicial that there is a reasonable probability that, but for counsel's errors, the defendant would not have

---

[29] *Weeks v. State*, 653 A.2d 266, 270 (Del. 1995), quoting *United States v. Cole,* 813 F.2d 43, 46 (3d Cir. 1987).

[30] *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

[31] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

10

pleaded guilty and would have insisted on going to trial.[32]  Defendant must also

overcome a strong presumption that counsel's conduct was reasonably professional

under the circumstances.[33]  Mere allegations of ineffectiveness will not suffice,

rather, a defendant must make and substantiate concrete allegations of actual

prejudice.[34]  Great weight and deference are given to tactical decisions by the trial

attorney and counsel cannot be deemed ineffective for failing to pursue motions that

lack merit.[35]

At the Plea Hearing, Defendant responded that he was satisfied with Trial

Counsel's representation and he had not been coerced into entering the plea.

Although he was taking medication, he indicated that it was not hindering his

thoughts.  A defendant's statements to the Court during the guilty plea colloquy are

presumed to be truthful.[36]  Trial Counsel attests that "[a]t no time during [his]

---

[32]  *State v. Hess*, 2014 WL 6677714, at * 6 (Del. Super., Nov. 20, 2014) (citations omitted).

[33]  *State v. Wright*, 653 A.2d 288, 293-94 (Del. Super. 1994) (citations omitted).

[34]  *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[35]  *State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).

[36]  *Windsor v. State*, 2015 WL 5679751, at *3 (Del., Sept. 25, 2015); *State v. Brown*, 2010 WL 8250799, at *3 (Del. Super., Apr. 14, 2010), citing, *Somerville v. State*, 703 A.2d 629 (Del. 1997). Defendant's attempt to "reverse" his plea based upon perceived incorrect answers on the Truth-in-Sentencing Guilty Plea Form is meritless. *See e.g. Vazquez v. State*, 2014 WL 7010748 (Del. Nov. 25, 2014) (finding penalty and guideline errors in Truth-in-Sentencing Form not reversible error).

11

representation of the Defendant did Trial Counsel believe that the Defendant had any mental health issues that prevented him from entering the guilty plea or proceeding to trial."[37]

Even if the Court accepted Defendant's recitation of facts, including that he had a mental illness and was taking Zyprexa, the existence of a mental illness does not, in and of itself, render a guilty plea involuntary. In the context of a guilty plea, "a defendant's competence is predicated on whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him."[38] A competency determination is only necessary if the Court has reason to doubt Defendant's competence.[39] There was no reason to doubt Defendant's competency to proceed with the plea and sentencing. Although Defendant argues he was taking medication at the time of the plea, he has not offered clear and convincing evidence to deviate from the Court's decision to accept the plea as knowing, intelligent and voluntary.[40]

---

[37] D.I. # 55.

[38] *Weeks v. State*, 653 A.2d 266, 270 (Del. 1995), quoting *Dusky v. United States*, 362 U.S. 402 (1960).

[39] *Id.*

[40] *See e.g., Rogers v. State*, 2003 WL 2008195 (Del. 2003) (finding claim that plea was involuntary due to ineffective assistance of counsel was contradicted by the Truth-in-Sentencing Guilty Plea Form and by defendant's statements at the plea colloquy); *Newman v. State*, 2016 WL

Defendant's remaining ineffective assistance of counsel claims lack support in the record. Trial Counsel found no merit in filing a motion to dismiss for lack of a speedy trial. Trial was scheduled to begin seven (7) months after indictment and the only delay was attributable to Defendant. Unless the length of delay is presumptively prejudicial, the court will not continue to examine the alleged speedy trial violation.[41] A delay of less than one year is not presumptively prejudicial.[42]

According to Trial Counsel's Affidavit, he hired a Special Investigator and filed a Motion to Suppress.[43] The attorney decides which witnesses to call, what trial motions to file, and what evidence to introduce.[44] Although defense counsel has a general duty to investigate potentially helpful evidence, he is not required to pursue all lines of investigation.[45] Defendant has not proffered what, if anything, an additional investigation would have meant to his case. Although Defendant

---

889531, at *2 (Del. Mar. 8, 2016) (same); *Sartin v. State*, 2014 WL 5392047, at *3 (Del. Oct. 21, 2014).

[41] *Page v. State*, 934 A.2d 891, 896-897 (Del. 2007), citing *Barker v. Wingo*, 407 U.S. 514, 519 (1972).

[42] *See Service v. State*, 2015 WL 1234489, at *4 (Del. Mar. 17, 2015), citing *Dabney v. State*, 953 A.2d 159, 165 (Del. 2008).

[43] D.I. # 22.

[44] *State v. Cooke*, 2010 WL 3734113, at *16 (Del. Super. Aug. 19, 2010).

[45] *Alston v. State*, 2015 WL 5297709, at *2 (Del. Sept. 4, 2015), quoting *Flamer v. State*, 585 a.2d 736, 756 (Del. 1990).

13

believes Trial Counsel should have subpoenaed the DFS case worker, his motion lacks any specificity regarding the expected benefit of the testimony. Defendant has not overcome the presumption that Trial Counsel's conduct was reasonably professional.

Finally, Defendant is required to demonstrate specific prejudice as a result of Trial Counsel's alleged errors. The plea provided Defendant with a clear benefit when the State agreed to dismiss fourteen (14) serious charges. In light of the weight of the evidence, the significance of the multitude of felony charges, and the possibility of life in prison, Defendant cannot reasonably claim that he would not have pleaded guilty and would have insisted on going to trial.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be DENIED.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

oc: Prothonotary
Alison Abessinio, Esquire
Jonathan S. Johnson