**Louis CHAMBERS, Petitioner-Appellant,**

**v.**

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 28796**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

June 15, 1970.

Mandell & Wright, Tom Kirtley, Sidney Ravkind, Houston, Tex., for petitioner-appellant.

Crawford C. Martin, Atty. Gen. of Texas, Dunklin Sullivan, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, Chief Judge, MORGAN and CLARK, Circuit Judges.

MORGAN, Circuit Judge:

■ Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

This is an appeal from a judgment of the District Court, Southern District of Texas, denying petitioner's application for a writ of habeas corpus. The petitioner was arrested on four charges of robbery with firearms and two charges of felony theft. Prior to his conviction, the state had seized from his room evidence of the crime, had obtained eye-witness identification and had also procured a confession from petitioner. Confronted with such strong evidence against him, petitioner accepted the advice of his court-appointed counsel and made a "deal" with the prosecutor that he would plead guilty if the prosecutor would seek only a 50-year sentence in lieu of the death penalty. The "deal" was consummated, the petitioner was convicted in 1958, and is presently serving his sentence in the state penitentiary.

■ In his habeas corpus application, petitioner alleged that his conviction should be vacated for several reasons: the evidence against him (though never used) was illegally seized; he did not have counsel at several critical stages of his apprehension; his confession was involuntary because it was coerced and was given without counsel being present; his court-appointed counsel was incompetent; and his plea of guilty was involuntary. Only the last of these alleged defects is in issue here, because objection to the rest was waived by petitioner's plea of guilty if same were voluntary. Litton v. Beto, 5 Cir., 1967, 386 F.2d 820; White v. Beto, 5 Cir., 1966, 367 F.2d 557; Busby v. Holman, 5 Cir., 1966, 356 F.2d 75. So, the sole question presented here is whether petitioner's plea of guilty was voluntarily given.

■ On conclusion of the evidentiary hearing, the District Court made findings of fact and conclusions of law pursuant to Federal Rules of Civil Procedure, Rule 52, that the plea of guilty was voluntarily given. We agree with that conclusion. The plea was induced by the prosecutor's "deal". In making the decision to accept the "deal", petitioner at all times had the guidance and advice of counsel, and it appears from the record that the plea was made of his own volition on advice from counsel. Such a situation does not render a plea of guilty involuntary. Cooper v. Holman, 5 Cir., 1966, 356 F.2d 82.

■ Petitioner further contends that the evidence which the state had against him had been illegally seized, and the confession which the state had procured was coerced, and that neither of these would have been admissible had he gone to trial, and that he did not know the inadmissible nature of these at the time of weighing the decision of whether or not to plead guilty. His counsel was present, however, at the time of this decision. While it has not been proven that either the evidence was illegally seized, or the confession was coerced, we hold that even if they were, their inadmissible nature does not render the plea involuntary where counsel is present at the time of the decision to plead, and such counsel is not shown to be incompetent. The Supreme Court has recently dealt with the question of whether a coerced confession *alone* (it was "crucial to the state's case against [the defendant]" there) would render a guilty plea involuntary. In denying defendant a

hearing to determine such question, the Court said:

In our view a defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the grounds that counsel may have misjudged the admissibility of the defendant's confession.

McMann v. Richardson, 398 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (May 4, 1970). See also Busby v. Holman, supra, 356 F.2d at page 77. *A fortiori,* the state's possession of purported illegally-seized evidence does not render the guilty plea involuntary.

We cannot inquire into the motives behind counsel's reasoning for advising petitioner to accept the prosecutor's offer, nor why he did not go to trial under the assumption that the evidence was illegally seized and the confession involuntarily given, making both inadmissible. We can only conclude that a guilty plea, given on advice of competent counsel, is not rendered involuntary by an alleged coerced confession and purported illegally-seized evidence, and when made in response to the prosecutor's offer for a lighter sentence.

Affirmed.