UNITED STATES of America, Plaintiff-Appellee,

v.

Henry E. WALKER, Defendant-Appellant.

No. 20234.

United States Court of Appeals, Sixth Circuit.

Oct. 28, 1970.

F. David J. Albanese (court appointed), Cincinnati, Ohio, for appellant.

Robert A. Steinberg, Asst. U. S. Atty., Cincinnati, Ohio, William W. Milligan, U. S. Atty., Cincinnati, Ohio, on the brief, for appellee.

Before WEICK, EDWARDS and Mc-CREE, Circuit Judges.

PER CURIAM.

Appellant in this case was indicted for violating 18 U.S.C. § 641 (1964) by receiving and retaining, with intent to convert to his own use, two postal money orders with a value in excess of $100. He was convicted after jury trial and was sentenced to a maximum of ten years in prison by the District Judge.

Two appellate issues of some substance have been considered by this court. One is appellant's contention that the government failed to prove that two postal money orders, which were the subject of the indictment, had a value in excess of $100. The other is that appellant's legal rights were prejudiced in this trial by the admission of 17 other postal money orders, which he asserts were not related in any way to the indictment.

The record clearly establishes evidence from which the jury could have found that both the money orders, which were the subject of the indictment against appellant, and the other 17 money orders which were introduced in evidence had been stolen as blank money orders from the United States Post Office in Pittsburg, Kentucky, on February 24, 1969, during the course of a burglary. The 17 money orders which were not the subject of this indictment were introduced in evidence after they had been identified by a woman whose testimony (obviously believed by the jury) was that she was an accomplice of Walker's in cashing these 17 money orders which appellant Walker had given her. She also testified to Walker's role in filling in the sum of $90 on each money order and placing a forged validating stamp and signature on many of them. This evidence was admissible on the issue of intent to convert to appellant's own use and gain. United States v. Neal, 344 F.2d 254 (6th Cir. 1965).

*See also* Lisenba v. California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166 (1941).

 As to appellant's second issue, we believe there was evidence from which the jury could have found stolen money orders in appellant's possession to have had a value in excess of $100. Each had been made out in the sum of $90 (a total of $180) and appellant's accomplice had testified to the cashing of a number of these stolen money orders for $90 apiece.

The judgment of the District Court is affirmed.