438 F.2d 106
 John Henry GAFFORD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
No. 30817 Summary Calendar.*
*Rule 18, 5th Cir.; See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth, circuit.
 Feb. 4, 1971.
 
 John Henry Gafford, pro se.
 William Stafford, U.S. Atty., C.W. Eggart, Jr., Asst. U.S. Atty., Pensacola, Fla., for respondent-appellee.
 Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is taken from an order of the district court denying the motion of a federal prisoner pursuant to Title 28, U.S.C., Section 2255, to vacate sentence based upon a plea of guilty entered on a change of plea from not guilty after commencement of a trial before a jury. We affirm for reasons adequately expressed by the trial court in its order denying relief, appended hereto.
 
 
 2
 Affirmed.
 
 APPENDIX
 
 3
 In the United States District court for the Northern District of Florida Pensacola Division
 
 
 4
 John Henry Gafford, Petitioner, versus United States of America, Respondent. PCA 2288
 
 ORDER
 
 5
 This cause is before the Court on motion pursuant to 28 U.S.C. 2255 attacking a sentence imposed by this Court. It appears that petition to proceed in forma pauperis should be granted.
 
 
 6
 Petitioner was indicted under 18 U.S.C. 472 on four counts of passing counterfeit bills. He first pled not guilty, requested a jury trial, and, represented by counsel, proceeded to trial. After the noon recess, during which time consultations took place between Petitioner and his attorney, who conferred also with the United States Attorney, Petitioner entered a plea of guilty to Count One of the indictment, and the remaining three counts were dismissed on motion of the Government.
 
 
 7
 Petitioner now alleges numerous grounds for relief. However, his plea of guilty, if voluntarily and understandingly made, is conclusive as to his admitting the facts as charged and waiving all non-jurisdictional defects in the prior proceedings against him. Chambers v. Beto, 428 F.2d 791 (5 Cir., June 15, 1970); Howard v. United States, 420 F.2d 478 (5 Cir. 1970). A plea is not rendered involuntary because it was injuced as a result of a plea bargaining situation. Schnautz v. Beto, 416 F.2d 214 (5 Cir. 1969); Cortez v. United States, 337 F.2d 699 (9 Cir. 1964). And if an accused has counsel and relies on the best professional advice that counsel can give, he cannot later urge that his plea of guilty was involuntary due to counsel coercion. Schanutz v. Beto, supra.
 
 
 8
 Petitioner charges, however, that his counsel rendered ineffective assistance. Such a charge cannot be sustained unless it appears clearly wellgrounded. It is necessary to show that the trial was a farce or a mockery of justice, or that the purported representation was only perfunctory in bad faith, a sham, a pretense, or without adequate opportunity for preparation. Busby v. Holman, 356 F.2d 75 (5 Cir.); Williams v. Beto, 354 F.2d 698 (5 Cir. 1965). The record in Petitioner's case reveals nothing to substantiate this charge. To the contrary it, and Petitioner's own statements at time of change of plea, refute it.
 
 
 9
 Petitioner also contends that his plea was involuntary, having been made out of ignorance and inadvertence, because the judge failed to comply with Rule 11 of the Federal Rules of Ciriminal Procedure, and failed to stisfy himself that there was a factual basis for the plea and that it was entered voluntarily as required by McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). The record conclusively refutes this allegation.
 
 
 10
 Petitioner further alleges that at the time of the alleged offenses he may have been suffering 'some mental defect or illness'. Incompetence at the time of an offense cannot be the basis for a motion under 28 U.S.C. 2255 when the Court has questioned the accused and found his plea of guilty to be entered voluntarily. Hunter v. United States, 409 F.2d 1203 (5 Cir. 1969); Berube v. United States, 284 F.Supp. 1, 5 (C.D.Cal.1968), aff'd 401 F.2d 773 (4 Cir. 1969), cert. den. 393 U.S. 1104, 89 S.Ct. 908, 21 L.Ed.2d 798 (1969); Bell v. United States, 265 F.Supp. 311, 316 (N.D.Miss.1966), aff'd375 F.2d 763 (5 Cir. 1967), cert. den. 389 U.S. 881, 88 S.Ct. 121, 19 L.Ed.2d 175 (1967).
 
 
 11
 The Court has received numerous letters from Petitioner. It is noted that in none of these was any dissatisfaction expressed with regard to the Court's handling of Petitioner's case or with the representation furnished by his attorney.
 
 
 12
 Certified copies of the transcript of Petitioner's arraignment and sentencing and the waiver and consent signed by Petitioner are attached herto and made a part of this order.
 
 
 13
 Petitioner's claims are conclusively refuted by the files and records in this case, he is entitled to no relief, and no evidentiary hearing is required. 28 U.S.C. 2255; Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Smith v. United States, 431 F.2d 565 (5 Cir. September 10, 1970); Howard v. United States, supra.
 
 Therefore, it is
 Ordered:
 
 14
 1. Petition to proceed in forma pauperis is hereby granted.
 
 
 15
 2. Petition to vacate sentence is hereby denied.
 
 
 16
 3. The Clerk of this Court is directed to mail copies of this order to Petitioner and to Respondent.
 
 
 17
 Done and ordered this 23rd day of September, 1970.
 
 
 18
 (Signed) WINSTON E. ARNOW WINSTON E. ARNOW Chief Judge