Eddie H. SMITH, Petitioner-Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.

No. 71-2515

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 5, 1972.

Eddie H. Smith, pro se.

Crawford C. Martin, Atty. Gen. of Texas, Roland Daniel Green, III, Austin, Tex., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst.

* ▮ Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Eddie H. Smith, a prisoner of the State of Texas, has taken this appeal from the district court's denial of his petition for habeas corpus. Smith is confined upon authority of a twenty-year sentence for robbery by assault which he received in the 54th District Court of McLennan County, Texas, on June 11, 1970. There was no direct appeal.

Appellant has contended that (1) his confession was involuntary; and (2) he was denied confrontation of witnesses at both an examining trial and the trial on the merits.

The state trial court appointed counsel for Smith and conducted an evidentiary hearing on the merits of his habeas contentions. At that hearing Smith admitted that his plea of guilty, when he was represented by counsel, was free and voluntary. The court made findings and conclusions, later approved by the Texas Court of Criminal Appeals, that Smith's plea of guilty was valid, his confession had been knowingly, voluntarily and intelligently made, and that "any rights not afforded to [Smith] were knowingly, voluntarily and intelligently waived by him."

▮ The United States District Court denied habeas relief on grounds that the judgment and sentence are based on Smith's valid plea of guilty, which constitutes a waiver of all non-jurisdictional defects in the proceedings. We find no error in this ruling. Chambers v. Beto, 5th Cir. 1970, 428 F.2d 791; Busby v. Holman, 5th Cir. 1966, 356 F.2d 75.

Affirmed.

New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.