**Lucious McClain THOMPSON, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 72-1486

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 20, 1972.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

This appeal is taken from the district court's denial of a motion to vacate the sentence[1] of Lucious McClain Thompson. We affirm the judgment below.

Thompson pleaded guilty to receiving, concealing, and retaining stolen property of the United States of a value in excess of $100, with intent to convert the property to his use and gain, knowing that the goods and property had been stolen.[2] He was sentenced on June 2, 1971 to serve three years, and there was no direct appeal.

The stolen property consisted of five United States Postal Money Orders. These money orders had been stolen in blank form; they were filled in in amounts of from $60 to $80, totaling $360, at the time they were found in possession of the appellant.

■ Thompson contends that the value of the stolen money orders is only the cost to the United States of the paper and printing required to produce the forms. He urges that since the United States does not pay, reimburse, or insure the face value of a forged money order, these five could not have an aggregate value in excess of $100. Accordingly, he argues, he should have been sentenced under the misdemeanor provisions of § 641 rather than under the felony provisions.

We agree with the district court that there is no merit to this contention. The statute provides, in pertinent part, that "The word 'value' means face, par, or market value, or cost price, either wholesale or retail, whichever is greater."

In United States v. Devall, 5th Cir. 1972, 462 F.2d 137, involving two money orders, blank when stolen, this Court held that value in excess of $100 was conclusively shown. There, the appellant admitted at his trial that he had cashed one of the two money orders,

Lucious McClain Thompson, pro se.

Wayman G. Sherrer, U. S. Atty., John S. Salter, Asst. U. S. Atty., Birmingham, Ala., for respondent-appellee.

1. As authorized by 28 U.S.C. § 2255.

2. In violation of 18 U.S.C. § 641.

which had been made out in an assumed name for the face amount of $100. In the *Devall* case we said: "This admission establishes beyond any possible doubt that that specific money order had a value on the legitimate market of $100. As the other money order had some value—no matter how nominal— the aggregate value of the two money orders clearly exceeded $100." F. n. 16, 462 F.2d at 143. See also United States v. Walker, 6th Cir. 1970, 432 F.2d 995.

The appellant concedes that his plea of guilty was validly tendered by him and accepted by the trial court. He does not contend that he did not know that he was pleading guilty to receiving stolen property valued at more than $100, as alleged in the information. That being so, the judgment of conviction and the sentence are based on Thompson's valid plea of guilty. His plea admitted all of the averments of the information, including the value of the stolen property. See United States v. Singletary, 5th Cir. 1971, 441 F.2d 333; Gafford v. United States, 5th Cir. 1971, 438 F.2d 106; Rosecrans v. United States, 5th Cir. 1967, 378 F.2d 561. The order appealed from is affirmed.

Affirmed.