**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Jesus SALDANA, Jr., Defendant-Appellant.**

**No. 74-2740**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Dec. 20, 1974.

Robert W. Dupuy, Corpus Christi, Tex. (Court-appointed), for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Edward B. McDonough, Jr., James R. Gough, Ann E. Stool, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

PER CURIAM:

Appellant, Jesus Saldana, Jr., pled guilty to possessing with intent to distribute 64 pounds of marijuana in violation of 21 U.S.C. § 841(a)(1). In this appeal he seeks reversal of his conviction alleging he was not informed of the consequences of his plea, he was denied his right to a speedy trial, and he had ineffective counsel. A review of the record reveals these allegations to be without merit.

Appellant was arrested on February 28, 1973, indicted on April 17, 1973, arraigned and pled guilty on May 20, 1974, and sentenced on July 21, 1974. At the time of his arraignment and plea, appellant was incarcerated in LaTuna Correctional Institute for a narcotics offense subsequent to the one at bar. Before accepting appellant's plea the court advised him of his rights, inquired into the facts surrounding the offense, and vigorously questioned him to determined if his plea was free and voluntary.

█ Appellant now alleges he was not informed of the full consequences of his guilty plea as required by F.R.Cr.P. Rule 11 because he was not told any sentence imposed by the court would be consecutive to the sentence he was presently serving. This argument is without merit. In Tindall v. United States, 5 Cir., 1972, 469 F.2d 92, we considered a similar argument regarding a federal sentence which was to follow a state sentence. We said the rule requires the judge to advise the defendant of the maximum sentence possible, but there is no requirement to advise a defendant of every "but for" consequence which follows from a guilty plea. Here the judge advised Saldana of the maximum sentence possible and carefully questioned him to determine that the plea was voluntary. The court fulfilled the requirement of Rule 11.

█ Appellant's next contention, that he was denied a speedy trial because of the 13 month delay between indictment and arraignment, is also without merit. The issue of the right to a speedy trial is non-jurisdictional in nature. Karcher v. Wainwright, 5 Cir., 1973, 476 F.2d 179. A guilty plea, since it admits all the elements of a formal criminal charge, waives all non-jurisdictional defects in the proceedings against a defendant. United States v. Bendicks, 5 Cir., 1971, 449 F.2d 313; Gafford v. United States, 5 Cir., 1971, 438 F.2d 106. Appellant has waived the right he now seeks to assert.

█ Finally appellant argues his counsel was ineffective because he did not move to have the charges dismissed on the speedy trial issue. A review of the record reveals that counsel had discussed the plea with appellant, that he had not promised him anything, that he had not coerced him into the plea, and that appellant knowingly possessed the marijuana. At sentencing it was revealed the attorney had filed a motion to dismiss, but had waived it because defendant wanted to get the case over with. Counsel met the standard of Lamb v. Beto, 5 Cir., 1970, 423 F.2d 85, by insuring that the plea was knowing and voluntary.

A review of the record reveals no errors of law. The conviction and sentence are affirmed.