UNITED STATES COURT OF APPEALS
for the Fifth Circuit
No. 93-2423

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

DARIO A. ABREO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____
(August 10, 1994)

Before WISDOM, DAVIS, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

Appellant, Dario Abreo, pled guilty to money laundering in violation of 18 U.S.C. § 1956(a)(1)(A).  He contends that 1) the district court did not comply with Rule 11(d); 2) his plea was not voluntary; and 3) the district court erroneously increased his base offense level.  After careful review of these contentions, we affirm Abreo's conviction and sentence.

BACKGROUND

Based on a tip from a confidential informant, law enforcement officers engaged in surveillance of Abreo's residence.  After observing suspicious behavior, the officers executed a search warrant on Abreo's residence.  They found, among other items, various documents, some of which were identified as drug ledgers and money laundering records.  Abreo and Hugo DeJesus Velez were

taken into custody.

A grand jury returned a one-count indictment against Abreo and Velez, charging the two with money laundering in violation of 18 U.S.C. § 1956(a)(1)(A). Pursuant to a plea agreement, Abreo pleaded guilty. The district court sentenced Appellant to 114 months in prison and 3 years of supervised release and ordered him to pay the mandatory $50 special assessment. Abreo appeals.

DISCUSSION

I. Compliance with Rule 11(d)

Abreo contends that the district court did not comply with Rule 11(d) and insure that his plea was not motivated by threats from his codefendant, Velez. Federal Criminal Procedure Rule 11(d) provides in pertinent part:

> The court shall not accept a plea of guilty or nolo contendre without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement.

At the plea colloquy, the district court asked Appellant if anyone had attempted in any way to force him to plead guilty. Abreo responded negatively. Such testimony in open court carries a strong presumption of verity. See Blackledge v. Allison, 431 U.S. 63, 74 (1977). The district court's questions satisfied the requirements of Rule 11(d).

Abreo argues that the district court should have made a more searching inquiry into whether his plea was voluntary. The trial court received, however, no objective information at the plea colloquy that would have reasonably put it on notice that further

2

inquiry was needed.  Reference to the alleged threats did not occur until Abreo's sentencing hearing after he had already entered his plea.[1]  Thus, the trial court had no duty to undertake a more searching inquiry at the plea colloquy.  Cf. United States v. Daniels, 821 F.2d 76, 79 (1st Cir. 1987) (defendant's reluctant responses suggested to the trial court that defendant's plea might not be voluntary, and the trial court should have undertaken a more searching inquiry); United States v. Cole, 813 F.2d 43, 46 (3d Cir. 1987) (after the district court had been informed that defendant had recently ingested drugs, the district court should have made further inquiry into defendant's competence to enter a guilty plea).

## II.  Voluntariness of Plea

Next, Abreo argues that his plea was not voluntary because he mistakenly believed that he had the right to challenge the validity of his arrest and the search of his house after entering his plea.[2] Abreo complains that the following exchange with the district court led him to believe that he had preserved his right to litigate his suppression claim:

---

[1]  At the sentencing hearing, Abreo neither moved the court to withdraw his plea nor suggested to the court that he objected to the voluntariness of his plea.  The testimony concerning the alleged threats was offered in an effort to obtain leniency from the district court in sentencing.  The district court determined that Abreo's plea was voluntary at the plea colloquy, and we will not impose a duty on the district court to reconsider sua sponte the voluntariness of a plea at the sentencing hearing when the defendant has made no objection.

[2]  Abreo concedes that he did not enter a conditional plea preserving his right to appeal his suppression claim.

3

The Defendant: Before pleading guilty, I want to say Your Honor, that at the time I was arrested, I never saw an arrest order in my name and I never saw a search order for my house. If Your Honor allows me, and if you don't understand me, I'll explain again.

The Court: I understand.

The Defendant: That's all I have to say. I hope it's written down in the transcript.

The Court: Okay. Your lawyer filed papers that he feels should have been filed in connection with the search of your home. Do you understand that?

The Defendant: I've never seen them.

The Court: They have been filed. Take my word for it.[3] You've discussed this case with your lawyer, have you not?

The Defendant: I mentioned it to him once. That was all.

The Court: Mr. Abreo, do you want to plead guilty this morning or do you want to go to trial?

The Defendant: No, I want to plead guilty because I know what I've been doing.

Abreo primarily relies on two Ninth Circuit cases, United States v. Carrasco, 786 F.2d 1452 (9th Cir. 1986), and United States v. Cortez, 973 F.2d 764 (9th Cir. 1992). In Carrasco, the government expressly offered the defendant a conditional plea. 786 F.2d at 1453. The government withdrew its offer of the conditional plea, but the defendant nonetheless filed notice that her plea was conditional and appealed the issue that would have been preserved if the conditional plea agreement had been in force. Id. at 1455. The Ninth Circuit Court held that given an ambiguous exchange at

---

[3] Abreo argues that his counsel did not file a suppression motion. Abreo's counsel filed a motion, however, adopting all motions filed by his codefendant, Velez, and Velez filed a motion to suppress. Although the government challenged Abreo's standing, Abreo's claim was preserved for the purpose of litigating his suppression claim.

4

the plea hearing and the defendant's prior discussions with the government, the defendant could have reasonably believed that her plea was conditional. Id. Thus, the court vacated the plea as involuntary. Id. In Cortez, at a hearing prior to trial, the district court explicitly told the defendant that he had the right to make a selective prosecution motion even after pleading guilty. 973 F.2d at 768. The defendant subsequently entered an unconditional plea. The government later informed the defendant that his claim could not be raised after pleading guilty. Id. The defendant unsuccessfully sought to withdraw his guilty plea and enter a conditional plea. Id. The court of appeals concluded that in light of the misrepresentations given to defendant, he could have reasonably believed that he had preserved a selective prosecution claim, and his plea could not be voluntary. Id.

The facts of Abreo's case are easily distinguished from those of Cortez and Carrasco. Unlike Cortez and Carrasco, neither Abreo's counsel, the government nor the district court explicitly misrepresented to Abreo that he could preserve his suppression claim after pleading guilty.[4] Although the district court did not expressly advise Appellant that by pleading guilty he would be waiving his right to challenge his suppression claim, neither Rule 11 nor our decisional law commands the district court to offer that warning. See United States v. Bell, 966 F.2d 914, 917 (5th Cir.

---

[4] In fact, we do not find the plea colloquy to be as ambiguous as Abreo contends. As we read the transcript, the district court was merely informing Abreo that his attorney had filed the papers necessary for a suppression hearing, and if he chose to go to trial, he could pursue that challenge.

1992).  Further, Abreo signed an unambiguous plea agreement that made no mention of a preservation of his right to pursue a suppression claim.  Such a document is accorded great evidentiary weight.  See Hobbs v. Blackburn, 752 F.2d 1079, 1081 (5th Cir. 1985), cert. denied, 474 F.2d 838 (1985).  Finally, unlike the defendants in Carrasco and Cortez, Abreo neither challenged his arrest or search at any time after entering his plea nor did he indicate in any manner that he believed his plea to be conditional.  Appellant's contention that he believed he had a right to have his suppression claim litigated is undermined by a lack of subsequent action.  Accordingly, we conclude that the record reflects that he entered a knowing and voluntary plea.

Appellant also argues that he believed he had a right to pursue his suppression claim because the district court informed him there would be no trial by jury if he pled guilty, but failed to inform him that there would not be a "further trial of any kind."  See Fed. R. Crim. P. 11(c)(4).  Although district courts are encouraged to track the language of Rule 11, the test on appeal is whether, looking at the total circumstances surrounding the plea, the defendant was informed of his or her rights.  United States v. Frazier, 705 F.2d 903, 906 (7th Cir. 1983).  As discussed above, we concluded that the record reflects that Abreo pled knowingly and voluntarily.  We do not think that the district court's use of language different from Rule 11(c)(4) changes that holding.

III.  Sentence

Finally, Abreo argues that the district court erroneously increased his base offense level by holding him accountable for the entire amount of money found during the search rather than basing his sentence only on the amount recovered from his bedroom. As part of his plea agreement, Abreo waived his right to appeal his sentence on all grounds except if the sentence imposed was above the applicable guideline range. At sentencing, the district court adopted the findings in the presentence report, which indicated that Abreo's offense level was 28 and his criminal history category was IV, resulting in a guideline range of 110 to 137 months. Because the district court sentenced Abreo to 114 months in prison, the sentence imposed was within the applicable guideline range. Accordingly, Abreo has waived the right to appeal his sentence.[5]

CONCLUSION

For the foregoing reasons, we AFFIRM Abreo's conviction and sentence.

---

[5] Abreo does not challenge the voluntariness of this waiver nor does he make any argument why this waiver does not apply to his challenge of his sentence.