IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31085
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

GREGORY TOUSSAINT, SR.,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CR-357-ALL
--------------------
April 10, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:*

    Gregory Toussaint appeals following his guilty-plea
conviction for being a felon in possession of a firearm.  He
argues that the district court abused its discretion when it
denied his Fed. R. Crim. P. 32(e) motion to withdraw his guilty
plea.  Toussaint contends that he is innocent, that his first
attorney pressured Toussaint to plead guilty, that his current
attorney located a witness who was willing to testify that the
gun found in the car was his and that Toussaint did not know
about the gun's presence in the vehicle, and that there would not

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

have been a substantial inconvenience to the Government if the plea was withdrawn.

Although Toussaint stated that his prior attorney and the newly located witness would either submit an affidavit or testify on Toussaint's behalf, Toussaint presented neither this court nor the district court with an affidavit from his prior attorney or with a statement from the witness. A review of Toussaint's guilty plea reveals that it was knowingly and voluntarily entered, and Toussaint presented no evidence disproving his responses when pleading guilty. See United States v. Abreo, 30 F.3d 29, 31 (5th Cir. 1994). His conclusional allegations about being pressured to plead guilty and about the presence of a witness were insufficient to establish that his guilty plea should have been withdrawn. The district court did not abuse its discretion when it denied Toussaint's Rule 32(e) motion. See United States v. Grant, 117 F.3d 788, 789 (5th Cir. 1997); United States v. Badger, 925 F.2d 101, 104 (5th Cir. 1991).

AFFIRMED.