United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 20, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

————————————————

No. 04-40727
Summary Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERMINIO VALDOBINO-PINEDA,
also known as Francisco Hurtado-Villa,

Defendant-Appellant.

\* \* \* \* \* \* \* \* \* \*

Consolidated with

————————————————

No. 04-40729
Summary Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO PINEDA-PINEDA,
also known as Ariel Penaloza-Pineda,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(7:03-CR-106-5)
(7:03-CR-106-4)

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

In this consolidated appeal, Herminio Valdobino-Pineda and Eduardo Pineda-Pineda challenge their convictions and 120-month sentences following their guilty pleas to conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana. Valdobino and Pineda were arrested by state authorities on 18 March 2002, after they loaded marijuana into a van. They were indicted on federal charges on 12 February 2003.

Before trial, Valdobino and Pineda moved to dismiss the indictments on Fifth and Sixth Amendment speedy trial grounds and pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161-3163. The district court heard evidence on these motions, but deferred ruling. Because Valdobino and Pineda pleaded guilty during trial, the district court never ruled on the pre-trial motions to dismiss. On appeal, defendants contend: their rights under the Speedy Trial Act attached in March 2002 when they were taken into state custody; these rights were violated by the delay in prosecution until

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

February 2003; and the district court erred by deferring its ruling on the pretrial motions to dismiss on speedy trial grounds.

As for their guilty pleas, defendants contend: their unconditional guilty pleas were invalid because they intended to preserve the right to appeal the denial of their motions to dismiss the indictment as a violation of their statutory rights to a speedy trial; the guilty pleas were not knowing and voluntary because defendants were not aware of the consequences of the pleas; and the district court erred in denying, without an evidentiary hearing, defendants' motions to withdraw their guilty pleas and enter conditional ones. Defendants also contest their 120-month sentences.

We review a variance from FED. R. CRIM. P. 11 (entering a plea) for harmless error. FED. R. CRIM. P. 11(h). Valdobino and Pineda entered knowing and voluntary unconditional guilty pleas, waiving all nonjurisdictional defects, including Speedy Trial Act violations, that may have occurred during pre-plea proceedings. *See* FED. R. CRIM. P. 11(a)(2); ***United States v. Abreo***, 30 F.3d 29, 31-32 (5th Cir.), *cert. denied*, 513 U.S. 1064 (1994); ***United States v. Bell***, 966 F.2d 914, 915 (5th Cir. 1992). Pineda's and Valdobino's sworn responses to the district court's inquiries at the plea hearing establish that there was no misconception about the unconditional nature of the pleas. ***Abreo***, 30 F.3d at 31 ("testimony in open court carries a strong presumption of verity").

3

Even if the guilty pleas had preserved the right to appeal the speedy-trial statutory issue, the district court did not err in deferring ruling on that issue. FED. R. CRIM. P. 12(d) states a court "must decide every pretrial motion before trial *unless it finds good cause to defer a ruling*". (emphasis added). A state arrest, even an arrest that is based upon the same operative facts as a subsequent federal accusation, does not trigger the protections afforded by the Federal Speedy Trial Act. *United States v. Gomez*, 776 F.2d 542, 549-50 (5th Cir. 1985). Defendants' pretrial motions to dismiss on speedy trial grounds raised not only the Speedy Trial Act, but also Fifth and Sixth Amendment issues. The district court had good cause for deferring ruling on the motions to dismiss, as a Fifth Amendment determination of denial of speedy trial rights requires evidence of prejudice unavailable until trial. *See United States v. Crouch*, 84 F.3d 1497, 1516 (5th Cir. 1996), *cert. denied*, 519 U.S. 1076 (1997).

Defendants contend their guilty pleas are invalid because the district court did not advise them of the elements of the offense: they were not told that the Government had to prove they conspired to possess with intent to distribute 1,000 kilograms of marijuana; and the drug quantity cited by the Government at the plea hearing did not implicate the mandatory minimum sentencing provision of 21 U.S.C. § 841. Defendants do not contend they did not understand the nature of the offense.

4

At rearraignment, the Government erroneously reported the drug quantity as 1,375 *pounds,* instead of *kilograms;* however, the indictment read aloud, and the district court's admonitions during the plea colloquy, put Valdobino and Pineda on notice they were subject to the 120-month statutory mandatory minimum sentence. Defense counsel, as officers of the court, had a duty to alert the district court to any variance from the procedure required by FED. R. CRIM. P. 11; defendants cannot benefit on appeal from what was an obvious misstatement. *See **United States v. Cuevas-Andrade***, 232 F.3d 440, 445 n.3 (5th Cir. 2000), *cert. denied*, 532 U.S. 1014 (2001). Any error was harmless. *See* FED. R. CRIM. P.11(h); 21 U.S.C. § 841(b)(1)(A)(vii).

The denial of a motion to withdraw a guilty plea and the decision not to hold an evidentiary hearing are reviewed for abuse of discretion. *E.g., **United States v. Powell***, 354 F.3d 362, 370 (5th Cir. 2003). Valdobino and Pineda have not shown the district court abused its discretion by denying, without conducting an evidentiary hearing, their motions to withdraw their pleas or to convert the pleas to conditional pleas, reserving the right to appeal the rulings on the speedy trial motions. *See **id.*** at 370.

The district court did not err by sentencing Valdobino and Pineda to the 120-month statutory mandatory minimum sentence. A "term of imprisonment which may not be less than 10 years or more than life" shall be imposed for an offense involving 1,000

kilograms or more of a substance containing marijuana. 21 U.S.C. § 841(b)(1)(A)(vii).

Pineda contends, for the first time on appeal, that the Government did not comply with the terms of the plea agreement because it did not recommend a sentence at the low end of the guideline range. We review issues not raised in district court only for plain error. *United States v. Clayton*, 172 F.3d 347, 351 (5th Cir. 1999). Plain error is error that is clear or obvious and affects substantial rights; if defendants make the required showing, the court has discretion to correct the error, and, generally, will only do so if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* Because 21 U.S.C. § 841(b)(1)(A)(vii) required a minimum 120-month sentence, Valdobino's guideline range became 120 to 135 months, and Pineda's guideline range became 120 to 121 months. *See* U.S.S.G. § 5G1.1(c)(2). The Government did not request a sentence above the 120-month statutory mandatory minimum, which was the low end of the applicable guideline ranges. Pineda has not shown plain error. *See United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), *cert. denied*, 513 U.S. 1196 (1995).

Defendants challenge their sentences as unconstitutional and in violation of *United States v. Booker*, 125 S. Ct. 738 (2005), and the Sixth Amendment right to a trial by jury. As noted, the 120-month sentences were required by 21 U.S.C. § 841(b)(1)(A)(vii); the sentences were not imposed under the Sentencing Guidelines as the

result of facts that had not been admitted or proved to a jury beyond a reasonable doubt.  **Booker**, 125 S. Ct. at 756.  Valdobino and Pineda have not identified a Sixth Amendment violation.  *See* **id.**.

                                                                    **AFFIRMED**

7