[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15819
Non-Argument Calendar

_____

D. C. Docket No. 01-00149-CR-T-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WENDELL LAMAR WILSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(September 17, 2008)**

Before TJOFLAT, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

Wendell Wilson appeals his conviction for carrying a firearm during a drug

trafficking crime, in violation of 18 U.S.C. § 924(c), on the grounds of ineffective

assistance of counsel.[1]  Upon review, we decline to review Wilson's ineffective-assistance-of-counsel claim and we affirm Wilson's conviction.

Wilson pleaded guilty to violating § 924(c) pursuant to a written plea agreement.  The terms of the agreement included a waiver of appeal in which Wilson agreed not to challenge his sentence on direct appeal or in a collateral attack except in the case of ineffective assistance of counsel.  At the change-of-plea hearing, the court confirmed that Wilson was satisfied with counsel and understood the plea agreement.  Finding that the plea was made knowingly and voluntarily, the court adjudicated Wilson guilty.  Wilson was sentenced to five years' imprisonment, the mandatory minimum sentence for his offense.

Wilson did not file a direct appeal, but instead filed a motion to vacate his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel for, inter alia, counsel's failure to file a direct appeal.  The court granted the motion in part and re-entered the judgment with the same sentence, thus renewing the time in which to file a direct appeal.  Wilson then filed his direct appeal, which is before us now.  On appeal, Wilson argues that he is entitled to remand because his trial

---

[1]  Wilson does not challenge the validity of the entry of his plea of guilt, his plea agreement, or the reasonableness of his sentence.  Therefore, he has abandoned any arguments with respect to those issues.  See United States v. Blasco, 702 F.2d 1315, 1332 n.28 (11th Cir. 1983).  Wilson also did not seek review of the denial of his other § 2255 claims and has not obtained a certificate of appealability as required by 28 U.S.C. § 2253(c).  See United States v. Futch, 518 F.3d 887 (11th Cir. 2008), petition for cert. filed, (No. 07-11264) (Jun. 2, 2008).  Thus, on appeal, our review does not include review of the denial of Wilson's remaining § 2255 claims.

counsel rendered ineffective assistance by (1) failing to file a motion to dismiss the indictment against him due to violation of the Speedy Trial Clause of the Sixth Amendment; and (2) failing to spend adequate time in preparation of his defense due to his busy trial schedule.

Both this court and the Supreme Court have indicated that it is preferable to decide claims of ineffective assistance of counsel on collateral review. Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003); United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002). However, we are not precluded from reviewing ineffective-assistance-of-counsel claims as part of a direct criminal appeal where the record is sufficiently developed. Massaro, 538 U.S. at 504; Bender, 290 F.3d 1284.

"Whether a criminal defendant's trial counsel was ineffective is a mixed question of law and fact, subject to de novo review." Bender, 290 F.3d at 1284. A claim of ineffective assistance will not be sustained unless the defendant satisfies two prongs; the defendant must show both that counsel's performance "fell below an objective standard of reasonableness" and that the defendant was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687-88, 690, 694, 104 S.Ct. 2052, 2064, 2066, 2068, 80 L.Ed.2d 674 (1984).

This court has held that the entry of a plea waives all non-jurisdictional

3

defects occurring prior to the time of the plea, including violations of the defendant's rights to a speedy trial. <u>United States v. Yunis</u>, 723 F.2d 795, 795 (11th Cir. 1984) (holding that guilty plea waived all non-jurisdictional defects including right to speedy trial); <u>United States v. Saldana</u>, 505 F.2d 628, 628 (5th Cir.1974)[2] (holding that guilty plea waived Sixth Amendment right to speedy trial).

Because the district court did not address the claims of ineffective assistance of counsel during Wilson's prosecution or the litigation of his 28 U.S.C. § 2255 motion, and the record on appeal does not establish whether or not counsel's performance was deficient or prejudiced Wilson, review of the claims is not appropriate at this time. To the extent Wilson challenges his conviction on constitutional speedy trial grounds, the entry of his guilty plea waived any violation of his right to a speedy trial. Accordingly, we AFFIRM Wilson's conviction.

---

[2] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981) (<u>en banc</u>), this court held that all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit.