# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 19, 2011

Lyle W. Cayce
Clerk

No. 10-41322
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCO ANTONIO BARRON-SANCHEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-762-1

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Marco Antonio Barron-Sanchez appeals his guilty plea conviction for possession with intent to distribute more than five kilograms of cocaine. Barron-Sanchez argues that his plea was not voluntary and knowing because the district court failed to advise him of the availability and elements of a duress defense. Citing *United States v. Adams*, 566 F.2d 962, 968 (5th Cir. 1978), Barron-Sanchez contends that such action was required of the district court because he indicated at his rearraignment and sentencing hearings that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

transported the cocaine at issue against his will due to fear of harm to himself and his family. According to Barron-Sanchez, the district court's failure to directly admonish him regarding the defense of duress implicated the district court's duties under Federal Rule of Criminal Procedure 11 to ensure that he understood the nature of the charge and that an adequate factual basis existed for his guilty plea.

Because Barron-Sanchez did not object on this ground in the district court, his argument is subject to review under the plain error standard. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To satisfy the plain error standard, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

A guilty plea involves the waiver of several constitutional rights and accordingly must be made knowingly and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969). "Rule 11 ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before accepting such a plea." *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002). The district court informed Barron-Sanchez of the elements of his charged offense, explicitly questioned defense counsel about the possibility of a duress defense, was told by defense counsel that counsel had explained the defense of duress to Barron-Sanchez, and ensured that Barron-Sanchez desired to plead guilty despite the possibility of asserting a duress defense.

As previously recognized by this court, Rule 11 contains no provision requiring the district court to advise a defendant of possible defenses, a point conceded by Barron-Sanchez. *See* FED. R. CRIM. P. 11; *U.S. ex rel. Salisbury v. Blackburn*, 792 F.2d 498, 500 (5th Cir. 1986). "An error is considered plain, or obvious, only if the error is clear under existing law." *United States v. Salinas*,

480 F.3d 750, 756 (5th Cir. 2007).  Barron-Sanchez has not shown that this court has decided the relevant question conclusively in a manner favorable to his argument and thus has failed to satisfy his burden under plain error review of demonstrating clear or obvious error.  *See id.*; *United States v. Abreo*, 30 F.3d 29, 31 n.1 (5th Cir. 1994); *Salisbury*, 792 F.2d at 500-01; *Adams*, 566 F.2d at 968.

    AFFIRMED.