# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 30, 2012

No. 11-10946
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

AUDIE EUGENE COUCH,

Defendant - Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-61-1

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:*

Audie Eugene Couch appeals his guilty-plea conviction for possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B)(viii), and his resulting sentence of 480-months imprisonment. Couch maintains the district court erred by failing to withdraw his guilty plea *sua sponte,* based upon questions Couch raised at his sentencing hearing.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10946

Contrary to Couch's contention, his sentencing hearing statements do not suggest he misunderstood the guilty-plea proceeding, nor do they suggest he wished to withdraw his plea. Rather, his statements show confusion regarding the relationship between the statutory sentencing range and the Guidelines sentencing range.

Because Couch did not raise his contention in district court, review is only for plain error. *E.g., Puckett v. United States*, 556 U.S. 129, 135 (2009). As described below, he fails to satisfy the well-known elements for relief under such review.

The decisions cited by Couch do not address whether a district court may order, *sua sponte*, the withdrawal of a guilty plea, and he similarly presents no authority for the notion that a district court has a *duty* to do so. Our court has declined to impose such a duty. *E.g., United States v. Abreo*, 30 F.3d 29, 31 & n.1 (5th Cir. 1994).

Couch fails to show clear or obvious error. *E.g., Puckett,* 556 U.S. at 135. Moreover, he fails both to assert the error affected his substantial rights and to address whether our court should exercise its discretion to correct the claimed reversible plain error. *E.g., id.*

AFFIRMED.