**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 29, 2012

Lyle W. Cayce
Clerk

No. 12-20016
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HERIBERTO PEREZ-PINON

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-534-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Heriberto Perez-Pinon pleaded guilty, pursuant to a written plea agreement, to hostage taking and aiding and abetting in violation of 18 U.S.C. §§ 1203(a), 2. Perez-Pinon argues that the district court abused its discretion in denying his motion to withdraw his guilty plea, asserting that his guilty plea was not knowing and voluntary because he thought that he was pleading guilty to a lesser charge of transporting aliens based on counsel's assurances in that regard and that the district court erred by failing to conduct an analysis based

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on the factors set forth in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984) (citing seven factors that a district court should consider when determining whether a defendant may withdraw his guilty plea).

This court reviews for abuse of discretion the denial of a motion to withdraw a guilty plea. *See United States v. Grant*, 117 F.3d 788, 789 (5th Cir. 1997). The district court may grant a motion to withdraw a guilty plea before a defendant is sentenced if the defendant shows "any fair and just reason." FED. R. CRIM. P. 11(d)(2)(B). The court makes its determination based on the totality of the circumstances. *See United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991).

Because Perez-Pinon did not raise in the district court an argument that the district court erred in failing to conduct a *Carr* analysis, that argument is reviewed for plain error. *See Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To show plain error, Perez-Pinon must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If Perez-Pinon makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Even if Perez-Pinon has shown that the district court committed clear or obvious error by failing to conduct a *Carr* analysis, he cannot show that the error affected his substantial rights because he also cannot show that the error affected the outcome in the district court. *See id.* In particular, Perez-Pinon first asserted his innocence over one year after pleading guilty and only after he received the PSR. This court disfavors "eleventh hour" assertions of innocence. *See United States v. Lampazianie*, 251 F.3d 519, 524-25 (5th Cir. 2001); *Grant*, 117 F.3d at 790. Further, Perez-Pinon did not move to withdraw his guilty plea until approximately 15 months after pleading guilty, and he has not presented a good reason for the lengthy delay in filing his motion. *See United States v. Benavides*, 793 F.2d 612, 617-18 (5th Cir. 1986). There is no evidence that

Perez-Pinon's counsel was inadequate. At rearraignment, Perez-Pinon indicated that he was satisfied with his counsel, and Perez-Pinon's counsel filed numerous pre-trial motions on Perez-Pinon's behalf and negotiated the dismissal of seven counts against Perez-Pinon. Finally, the Rule 11 hearing reflects that the plea was knowing and voluntary and that Perez-Pinon was admonished on, and pleaded guilty to, hostage taking. Perez-Pinon's admission that he committed the crime with which he was charged enjoys a strong presumption of truth. *See Blackledge v. Allison*, 431 U.S. 63, 73 (1977) ("Solemn declarations in open court carry a strong presumption of verity"); *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994) (giving great weight to defendant's statements at plea colloquy).

The district court did not abuse its discretion when it denied Perez-Pinon's motion to withdraw his guilty plea. *See Grant*, 117 F.3d at 789; *see also Carr*, 740 F.2d at 343-44. Thus, Perez-Pinon cannot establish that any error affected the outcome in the district court. *See Puckett*, 556 U.S. at 135.

Accordingly, the judgment of the district court is AFFIRMED. Perez-Pinon's motion to remand for an evidentiary hearing is DENIED.