# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20523
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OMAR QUIROZ-QUIROZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-523

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Omar Quiroz-Quiroz (Quiroz) appeals his guilty plea conviction of conspiracy to possess with intent to distribute five kilograms or more of cocaine. He argues that the district court erred by failing to order sua sponte the withdrawal of his guilty plea based upon ineffective assistance of counsel.

Because Quiroz did not raise this issue below, review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Quiroz presents no

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20523

authority for the notion that a district court has a duty to order sua sponte the withdrawal of a guilty plea. This court has declined to impose such a duty. *See*, *e.g.*, *United States v. Abreo*, 30 F.3d 29, 31 & n. 1 (5th Cir. 1994).

Quiroz fails to show a forfeited error that is clear or obvious. *See Puckett*, 556 U.S. at 135. Furthermore, he fails to demonstrate that the error, if any, affected his substantial rights because the record reflects that Quiroz was fully informed and understood that there was no guarantee that the safety valve would apply to him. *Id.*

Contrary to Quiroz's contention, the record is not sufficiently developed to allow this court to address his ineffective assistance of counsel claims on direct appeal. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir.), *cert. denied*, 135 S. Ct. 123 (2014). Accordingly, the judgment is AFFIRMED.