# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31277
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 25, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHAWN R. THIBODEAUX,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:12-CR-42

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Shawn R. Thibodeaux challenges his guilty plea convictions for carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). He was sentenced, inter alia, to the statutory minimum term of imprisonment—a total

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31277

of 40 years, consisting of five years for the illegal carrying conviction, 10 years for the drug distribution conviction, and 25 years for the firearm possession conviction.

Thibodeaux argues that the district court violated Federal Rule of Criminal Procedure 11(b)(1) by failing to more explicitly advise him that the three sentences must be imposed consecutively. *See* 18 U.S.C. § 924(c)(1)(D)(ii). Specifically, he asserts that the district court, in explaining the role of the advisory guidelines scheme, "blurred the distinction" between the advisory guidelines and the mandatory minimum penalties. At rearraignment, the district court informed Thibodeaux that it had "the authority, in some circumstances, to impose a sentence that is more severe or less severe than the sentence called for in the [G]uidelines[.]"

Because Thibodeaux did not object in the district court, review is only for plain error. *See United States v. Oliver*, 630 F.3d 397, 411 (5th Cir. 2011). To prevail on plain error review, Thibodeaux must show a forfeited error that is clear or obvious and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To establish that his substantial rights have been affected, he "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Where an appellant's argument raises "an issue of first impression" or "require[s] an extension of precedent," this court will "conclude that any error was not plain or obvious." *United States v. Garcia-Gonzalez*, 714 F.3d 306, 318 (5th Cir. 2013); *see also United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2000) ("We ordinarily do not find plain error when we have not previously addressed an issue." (internal quotation marks and citations omitted)).

No. 14-31277

Thibodeaux has failed to show that the district court committed plain or obvious error.  Insofar as Thibodeaux complains that the district court's correct statement regarding the nature of the advisory guidelines scheme "blurred the distinction" between the advisory guidelines and the mandatory minimum penalties, *see* FED R. CRIM. P. 11(b)(1)(M), he points to no authority to support the proposition that the district court erred in discussing Thibodeaux's sentencing exposure.  The record reflects that the district court did inform Thibodeaux, as to the § 924(c)(1) convictions, that those sentences would be imposed consecutively to any other term of imprisonment.  A district court is not required to inform a defendant "of every 'but for' consequence which follows from a guilty plea."  *United States v. Saldana*, 505 F.2d 628, 628 (5th Cir. 1974).  Thibodeaux points to no authority which required the district court to do more.  Because Thibodeaux's argument would require the extension or modification of precedent, any error was not plain or obvious.  *See Garcia-Gonzalez*, 714 F.3d at 318; *Evans*, 587 F.3d at 671.

Moreover, Thibodeaux has not shown that his substantial rights were affected by demonstrating that, but for the district court's purported error, he would not have pleaded guilty.  *See Dominguez Benitez*, 542 U.S. at 83.  The record shows that Thibodeaux was aware that the sentences for the § 924(c)(1) convictions must be imposed consecutively.  Specifically, the plea agreement advised Thibodeaux of the applicable minimum and maximum sentences, including the requirement that the sentences be imposed consecutively.  At his rearraignment, Thibodeaux acknowledged that he understood "every word, line, sentence, and paragraph" of the plea agreement.  Such "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Any documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight." *United States*

3

No. 14-31277

*v. Abreo*, 39 F.3d 29, 32 (5th Cir. 1994).  In addition, Thibodeaux did not object to the PSR's statement that the sentences must be imposed consecutively or object on this basis at sentencing.  *See United States v. Alvarado-Casas*, 715 F.3d 945, 954 (5th Cir. 2013).  Finally, as noted previously, the district court advised Thibodeaux at rearraignment, twice, that with respect to the § 924(c)(1) convictions, the sentences would be imposed consecutively to any other term of confinement.

AFFIRMED.