# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50044
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 24, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AGUSTIN AGUILAR-TORRES, also known as Agustin Torres, also known as Augustine Aguilar, also known as Agustine Torres Aguilar, also known as "Wacko," also known as Agustin Torres-Aguilar, also known as Agustin Tino Aguilar, also known as Agustin Aguilar,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:12-CR-478-5

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent Agustin Aguilar-Torres has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Aguilar-Torres has filed a response. The record is not sufficiently

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

developed to allow us to make a fair evaluation of Aguilar-Torres's claim of ineffective assistance of counsel; we therefore decline to consider the claim without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir.), *cert. denied*, 135 S. Ct. 123 (2014). Aguilar-Torres's appellate waiver is enforceable because it was knowingly and voluntarily made. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).

Aguilar-Torres's claim about the sufficiency of the factual basis of his plea survives the appellate waiver. *See United States v. Hildenbrand*, 527 F.3d 466, 474 (5th Cir. 2008). Nonetheless, because he signed the plea agreement, which contained the factual basis, and stated at rearraignment that he had no objection to it, he cannot present a nonfrivolous appellate claim. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (noting that executed, unambiguous plea agreements are afforded substantial evidentiary weight). To the extent Aguilar-Torres asks to appeal pro se, his request is DENIED as untimely because it was lodged after the *Anders* brief was filed. *See United States v. Wagner*, 158 F.3d 901, 902–03 (5th Cir. 1998).

We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Aguilar-Torres's response. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.