FILED
United States Court of Appeals
Tenth Circuit

October 27, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

COBY WARREN,

      Petitioner-Appellant,

v.

JAN GARTMAN, Warden;
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 08-2166
(D.C. No. CIV-07-1195-MCA-KBM)
(D.N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

Coby Warren's habeas corpus petition pursuant to 28 U.S.C. § 2254 seeks

"absolute discharge" from the sentence imposed on him by the New Mexico

courts for the several domestic violence offenses to which he pled no contest

under a plea agreement. Mr. Warren is a *pro se* litigant, and so we construe his

pleadings and other papers generously. *Van Deelen v. Johnson*, 497 F.3d 1151,

1153 n.1 (10th Cir. 2007). He appears to allege that the manner in which his plea

agreement was accepted did not comport with New Mexico law or Fed. R. Crim.

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

P. 11; that certain clerical errors contained on the state court's sentencing forms render his convictions void; and that the sentences accompanying his several convictions ought not to run consecutively. The district court referred Mr. Warren's petition to a magistrate judge, who recommended denial of the petition in all respects. R., vol. II, at 586. The district court adopted the magistrate judge's report, and dismissed Mr. Warren's petition on the merits. *Id.* at 635. Mr. Warren now seeks to appeal.

A state prisoner may not appeal a district court's final order in a habeas corpus proceeding without first obtaining a Certificate of Appealability ("COA") from this court. 28 U.S.C. § 2253(c)(1)(A). This requirement is jurisdictional. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the applicant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citations omitted). Our inquiry under this standard does not require a "full consideration of the factual or legal bases adduced in support of [the petitioner's] claims," but, rather, "an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El*,

537 U.S. at 336; *United States v. Springfield*, 337 F.3d 1175, 1177 (10th Cir. 2003).

Mr. Warren's application for a COA asks us to review "all claims in the original petition." Petitioner's Application for COA at 6. He has also filed with this court a motion for injunctive relief that appears to largely duplicate his habeas petition; we will treat it as part of his application for a COA.

We do not think reasonable jurists could debate the correctness of the district court's resolution of Mr. Warren's petition, nor do we think we could improve on the magistrate judge's thoughtful fourteen-page analysis adopted by the district court. R., vol. II, at 573-86, 635. To summarize, the district court concluded that Mr. Warren's claims predominantly allege violations of state law, and that this cannot be a proper basis for federal habeas relief. That is undoubtedly correct. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law.") (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). The district court also rejected Mr. Warren's assertion that New Mexico's failure to adhere to Fed. R. Crim. P. 11 when it accepted his plea agreement violated the Constitution, explaining that because Rule 11 does not govern state courts, it cannot be a basis on which to challenge a state conviction, R., vol. II, at 634; that, too, is undoubtedly correct, *Miles v. Dorsey*, 61 F.3d 1459, 1467 (10th Cir. 1995) (Rule 11 does not apply in state courts), *cert. denied*, 516 U.S. 1062 (1996).

Finally, the remainder of Mr. Warren's allegations reflect attempts to argue that putative state-law infractions (such as uncorrected errors or omissions on the state court's judgment forms) constitute Fourteenth Amendment due process violations; the district court resolved these allegations by making factual findings that the troublesome omissions on the state court's forms clearly reflected clerical oversights, not an actual failure to – for example – take the defendant's plea. *See* R., vol. II, at 577-83. Because these findings are based on the magistrate judge's study of the state court's record, we have independently examined that record, *see Tyler v. Nelson*, 163 F.3d 1222, 1226-27 (10th Cir. 1999) and conclude that, on the record before us, no reasonable jurist could question that the magistrate judge got it right.

Accordingly, and for substantially the same reasons given by the district court, Mr. Warren's request for a COA must be denied. His motion for injunctive relief, to the extent it is not part of his application for a COA, is dismissed for want of jurisdiction.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge