FILED
United States Court of Appeals
Tenth Circuit

May 3, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

PETER RICHARD ROSA,

Plaintiff - Appellant,

v.

JOE R. WILLAMS, Secretary, New
Mexico Department of Corrections;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

Defendants - Appellees.

No. 10-2162
(D.C. No. 1:07-CV-00713-JCH-CG)
(D.N.M.)

ORDER
DENYING CERTIFICATE OF APPEALABILITY

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

Plaintiff-Appellant Peter Rosa, a state inmate represented by counsel, seeks

a Certificate of Appealability ("COA") so that he may challenge the district

court's dismissal of his 28 U.S.C. § 2254 habeas petition.  Because Mr. Rosa has

not made the requisite showing to obtain a COA, we deny a COA and dismiss the

appeal.

Background

Mr. Rosa was charged with first degree murder, tampering with evidence,

and conspiracy to commit first degree murder for his involvement in the murder of a wheelchair-bound inmate while incarcerated. R. 1000-01. He confessed to holding the victim while another inmate stabbed him over 200 times. Id. at 1001. Mr. Rosa unsuccessfully sought to suppress the confession before trial and on appeal to the New Mexico Supreme Court. Id. at 687-88, 704-05. Before trial, Mr. Rosa agreed to waive his right to jury trial in exchange for the prosecution's agreement not to seek the death penalty. Id. at 1001. During the bench trial, defense counsel sought a provocation defense based on the victim's alleged attempted sexual assault on Mr. Rosa in an effort to reduce the murder charge from first degree to second degree or voluntary manslaughter. Id. The trial judge found Mr. Rosa guilty of all three charges and sentenced him to life imprisonment on February 21, 2000. Id. at 688. The New Mexico Supreme Court affirmed on direct appeal. Id. at 688-90.

Mr. Rosa filed a state habeas petition on January 6, 2003. Id. at 690. After an evidentiary hearing, the state district court denied the petition in a summary order dated October 30, 2006. Id. The New Mexico Supreme Court denied certiorari on December 28, 2006. Id. at 691.

Mr. Rosa raised five claims in his federal habeas petition but abandoned two during the proceedings. Id. at 1002, 1007. The remaining claims were based on the alleged ineffective assistance of his two trial attorneys. First, Mr. Rosa argued that counsel were ineffective for failing to ensure that his waiver of jury

trial was voluntary, knowing, and intelligent. Id. at 1002. Mr. Rosa also argued that his attorneys failed to adequately investigate and pursue an insanity defense based on Mr. Rosa's psychiatric history at trial, and failed to use his mental health issues to suppress his confession. Id.

Before reaching a conclusion on the merits, the magistrate judge held the action in abeyance to allow the state district judge to make specific findings of fact and conclusions of law concerning the ineffective assistance of counsel claims that he rejected in the state habeas proceedings. Id. at 1003. The state district judge issued an order with findings affirming his October 30, 2006 order, and the New Mexico Supreme Court denied certiorari on November 25, 2009. Id. at 686, 783. The magistrate judge held an evidentiary hearing on December 1, 2009, and recommended denial of the petition, as the state district court's rejection of Mr. Rosa's claims was not contrary to or an unreasonable application of clearly established federal law. Id. at 1019. The district court adopted the magistrate's findings and recommendation, dismissed the petition with prejudice, and denied a COA. Id. at 1044, 1053.

On appeal, Mr. Rosa raises the same three ineffective assistance of counsel claims that were rejected by the federal district court. Before he may proceed, he must obtain a COA. A COA may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition on the merits, a COA may issue only when the petitioner

demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). We must incorporate deferential treatment of state court decisions and findings into our consideration of a request for a COA. Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004).

To prevail on his § 2254 petition, Mr. Rosa must show that the state court's decision on the merits "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (d)(2). We presume the factual findings of the state court are correct unless the petitioner rebuts that presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

A state court's decision is contrary to clearly established federal law where "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "the state court decides a case differently than [the Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court's decision is an unreasonable application of clearly established federal law where it "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. An unreasonable

application is something more than a federal court's independent judgment that the application is erroneous or incorrect; to warrant habeas relief the application must be objectively unreasonable. Id. at 411.

To establish ineffective assistance of counsel, Mr. Rosa must show (1) deficient performance, and (2) prejudice, meaning "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). "[W]hen evaluating an ineffective assistance of counsel claim under § 2254(d)(1), our review is 'doubly deferential.' We defer to the state court's determination that counsel's performance was not deficient and, further, defer to the attorney's decision in how best to represent a client." Crawley v. Dinwiddie, 584 F.3d 916, 922 (10th Cir. 2009) (citing Knowles v. Mirzayance, 129 S. Ct. 1411, 1420 (2009)).

## Discussion

A. Waiver of Jury Trial

Mr. Rosa first argues that counsel were ineffective in failing to ensure that Mr. Rosa's waiver of his right to a jury trial was knowing, voluntary, and intelligent. Aplt. Br. at 13-20. Specifically, Mr. Rosa contends that counsel knew of his extensive psychiatric history and knew that he was taking psychotropic medications when he signed the jury waiver and that these

conditions rendered Mr. Rosa incapable of understanding the waiver. Id. at 19-20. He also contends that counsel were ineffective because they were split on whether Mr. Rosa should waive his right to jury trial and because Mr. Rosa had limited time to make his decision. Id. at 17, 19. Finally, Mr. Rosa argues that he believed that counsel would pursue a defense based on his mental health history at the bench trial and not a provocation defense based on the victim's attempted sexual assault on Mr. Rosa. Id. at 11.

The state habeas court rejected these claims, holding that "[t]he testimony of [Mr. Rosa's attorneys] clearly established that Peter Rosa made the decision after careful consideration and advice including the advantages and disadvantages of the waiver of a jury trial," and "[p]art of the consideration of the waiver of the jury trial included the extreme prejudicial impact of the photographs of [the victim] documenting the injuries sustained and the corroboration presented in the autopsy report." R. 700-02. In addition, the court noted that "[n]o adverse impact of any psychotropic medications was noted by this Court or defense counsel during the criminal proceedings. Peter Rosa appeared fully aware of the circumstances and alert throughout the criminal proceedings." Id. at 693. Finally, the state district judge found that Mr. Rosa's testimony was not credible. Id. Pursuant to § 2254(e)(1), we presume these factual findings to be correct, and Mr. Rosa has not rebutted this presumption by clear and convincing evidence. The federal district court concluded that Mr. Rosa did not establish either prong

of Strickland.  Id. at 1019.  We conclude that reasonable jurists would not find the district court's resolution debatable or wrong.

Mr. Rosa's argument that his counsel were ineffective under United States v. Rossillo, 853 F.2d 1062 (2d Cir. 1988) and United States v. Cole, 813 F.2d 43 (3d Cir. 1987) is misplaced.  These cases addressed a district court's duty in determining the validity of a guilty plea in a Rule 11 proceeding, not counsel's effectiveness in explaining the benefits, burdens, and consequences of a bench trial.  In addition, Rule 11 does not apply to state court proceedings.  Miles v. Dorsey, 61 F.3d 1459, 1467 (10th Cir. 1995); Warren v. Gartman, 297 F. App'x 767, 769 (10th Cir. 2008) (unpublished).

## B.    Failure to Investigate and Pursue an Insanity Defense

Mr. Rosa next argues that trial counsel were ineffective in failing to adequately investigate and pursue an insanity defense at trial.  Aplt. Br. at 20-24.  Relatedly, Mr. Rosa contends that counsel were ineffective for failing to investigate and use his mental history to suppress his confession.  Id. at 26.  The primary thrust of his argument is that counsel should have used evidence that Mr. Rosa suffered from psychiatric and auditory hallucinations that caused homicidal and suicidal ideations.  Id. at 3.

### 1.    Failure to Investigate and Pursue Insanity Defense at Trial

The record shows that trial counsel were aware of Mr. Rosa's mental history and knew that he had been diagnosed with a psychiatric disorder.  R. 849,

955. The state habeas court concluded that counsel "thoroughly investigated the insanity defense, considered the defense of insanity as a viable option and, as a matter of trial tactics and strategy, decided not to pursue this defense." Id. at 701. The court added that "[p]art of the evaluation included whether or not an independent evaluation would be conducted and the impact if this evaluation was disclosed to the prosecution. A motion for an independent evaluation was prepared but not filed. The decision not to conduct an independent evaluation was a matter of trial strategy and tactics." Id. at 703. In addition, the court noted that counsel did not pursue the insanity defense because they thought it would open the door to compromising evidence from Mr. Rosa's past, including the fact that he had attempted to kill his parents. Id. at 699-700. The federal district court concluded that Mr. Rosa did not establish either prong of Strickland. Id. at 1019. Reasonable jurists would not find the district court's conclusion debatable or wrong.

The fact that certain psychiatric records were never presented before a state judge does not change our conclusion. See Aplt. Br. at 12. These records merely bolster what counsel already knew—that Mr. Rosa has a mental disorder. Trial counsel knew about and investigated Mr. Rosa's disorder, and as a matter of trial strategy, chose not to pursue an insanity defense because they feared that presenting this evidence at trial would ultimately harm Mr. Rosa's case. R. 849, 893.

2. <u>Failure to Investigate and Pursue Insanity Defense at Suppression Hearing</u>

With regard to the suppression hearing, counsel unsuccessfully sought to suppress Mr. Rosa's confession before trial and raised the issue on direct appeal before the New Mexico Supreme Court, arguing that the length and circumstances of Mr. Rosa's detention before the confession—more than fifty straight hours in a cold cell in just boxers with little food and water, no running water, no access to his family or counsel, and a light that shined constantly, making it difficult to sleep—rendered the confession involuntary. Id. at 243, 704-05. The New Mexico Supreme Court concluded that after examining the "facts surrounding the statement, the inferred psychological state of [Mr. Rosa] at the time he made the statement, and the legal ramifications of that inferred state of mind," Mr. Rosa made a voluntary confession. Id. at 311. The state habeas court adopted the New Mexico Supreme Court's holding on direct appeal that Mr. Rosa's confession was voluntary, and concluded that counsel were not ineffective in failing to use Mr. Rosa's mental health history to suppress the confession. Id. at 704-05. The court reached this conclusion notwithstanding the fact that at the state habeas hearing both counsel conceded that in hindsight, presenting evidence of Mr. Rosa's mental history may have helped in suppressing the confession. Id. at 705. The federal district court concluded that Mr. Rosa did not establish either prong of Strickland. Id. at 1019.

- 9 -

We need not address whether counsel's performance was deficient because we conclude that Mr. Rosa has not shown that he was prejudiced by counsel's performance. See Strickland, 466 U.S. at 687 (defendant must show deficient performance and prejudice). The state habeas court expressly held that Mr. Rosa "appeared fully aware of the circumstances and alert throughout the criminal proceedings" and, adopting the holding of the New Mexico Supreme Court, concluded that his confession was voluntary. Id. at 693, 704-05. Mr. Rosa has not shown that there is a reasonable probability that his confession would have been suppressed had counsel presented evidence of Mr. Rosa's mental health history. See Strickland, 466 U.S. at 694. Reasonable jurists would not find the district court's rejection of this claim debatable or wrong.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge